■ The People of the State of New York, Respondent, v. Jacob Magaril, Appellant.— Judgment, Supreme Court, New York County, rendered on March 18, 1971, unanimously affirmed. No opinion. Concur — Stevens, P. J., McGivern, Kupferman and Capozzoli, JJ.; Murphy, J., concurs in the following memorandum: I concur solely on the ground that there was sufficient probable cause for the arrest and for the incidental search (*People* v. *Malinsky*, 15 N Y 2d 86; *People* v. *Coffey*, 12 N Y 2d 443; *People* v. *Castro*, 29 N Y 2d 324) without use of the "pen register" (a mechanical device attached to a given telephone to determine the number dialed) which I would hold to be an unlawful interception of a wire communication (U. S. Code, tit. 18, § 2510 *et seq.*; *United States* v. *Dote*, 371 F. 2d 176; *United States* v. *Caplan*, 255 F. Supp. 805; *United States* v. *Covello*, 410 F. 2d 536, cert. den., 396 U. S. 879). Respondent's argument that no communication was disclosed by such device, since the "pen register" disconnects as soon as the number is dialed, is not persuasive. As was perceptively observed in *United States* v. *Caplan* (*supra,* p. 808): "Paul Revere's associate, who hung a lantern in the Old North Church, would hardly have been exculpated at a trial for treason if he argued that he was not sending a communication, but was only illuminating the belfry." On constraint of the recent decision of the Court of Appeals in *People* v. *Castro* (*supra*) I would also agree that disclosure of the informant was not required under the circumstances here presented.