OPINION OF THE COURT
Benjamin Altman, J.
Is the installation of pen registers on defendant’s telephone constitutional?
A pen register is a mechanical device which records the numbers dialed on a telephone without overhearing the contents of the oral communication or indicating whether the calls have actually been completed. Federal or State wiretap statutes do not cover pen registers because no conversation is overheard or recorded. Police can establish pen register devices without warrant or even the authority of a subpoena.
Defendant moves to suppress the eavesdropping evidence because of the fruits of the unlawful installation of pen registers without a warrant (NY Const, art I, § 12).
It is alleged by the defendant that the People relied “virtually exclusively” on pen register evidence to support showing of probable cause for issuance of the eavesdropping warrant and as such all eavesdropping evidence should be suppressed.
*273 Defendant further contends that while the Court of Appeals has said that no warrant is required for toll records, it has never ruled upon the necessity of a warrant for use of pen registers.
The United States Supreme Court has held that the phone company’s installation and use at law enforcement authorities’ request to use a pen register is not a search requiring a warrant (Smith v Maryland, 442 US 735). However, the New Jersey Supreme Court in State v Hunt (31 Crim L Rptr 2454) has indicated that defendants in New Jersey need greater constitutional protection than that afforded by the United States Supreme Court under the Federal Constitution. The New Jersey Supreme Court refused to follow the United States Supreme Court’s ruling in the Smith case.
The New Jersey Supreme Court stated (p 2455) that a telephone caller is “ ‘entitled to assume that the words he utters into the mouthpiece will not be broadcast to the world.’ ” And the court continued (p 2455), “Similarly, he is entitled to assume that the numbers he dials in the privacy of his home will be recorded solely for the telephone company’s business purposes. From the viewpoint of the customer, all the information which he furnishes with respect to a particular call is private. The numbers dialed are private. The call is made from a person’s home or office, locations entitled to protection under the Fourth Amendment and Article I par. 7 of the New Jersey Constitution.”
New York is free — as a matter of law and right based on our federalism — to impose greater restrictions on police activity that tend to invade the privacy of our homes and very beings than does that of the United States Supreme Court. The State of New York has that right and in State v Hunt exercised that right. New York in a sense — in this particular case — has more reason to exercise that right than the State of New Jersey, since we in New York have a special constitutional provision which in particular protects its citizens against unreasonable interception of telephone conversations.
Section 12 of article I of the New York Constitution provides in part: “The right of the people to be secure against unreasonable interception of telephone and tele *274 graph communications shall not be violated, and ex parte orders or warrants shall issue only upon oath or affirmation that there is reasonable ground to believe that evidence of crime may be thus obtained, and identifying the particular means of communication, and particularly describing the person or persons whose communications are to be intercepted and the purpose thereof.”
Interestingly enough the dissent (there were three) on the Smith case indicated that not only could pen register evidence easily reveal the identities of the persons and the places called and thus reveal “the most intimate details of a person’s life” but that “unfettered governmental access to pen register data” might impede the very free society that we fight to protect. (See dissenting opns of Justices Stewart and Marshall.)
In People v Magaril (38 AD2d 698), the prosecution argued that pen registers do not disclose any communication. Justice Murphy of the Appellate Division of the First Department observed, appropriately, that “ ‘Paul Revere’s associate, who hung a lantern in the Old North Church, would hardly have been exculpated at a trial for treason if he argued that he was not sending a communication, but was only illuminating the belfry.’ ”
Although this court initially could have found that the installation of pen registers on defendant’s phone violated the defendant’s rights under section 12 of article I of the New York Constitution, and such seizure and all eavesdropping evidence secured as a result of an unlawful pen register seizure should have been suppressed, this court is nevertheless constrained to follow the opinion and reasoning set forth in the recent unanimous Court of Appeals decision in People v Di Raffaele (55 NY2d 234, 241-242) where Judge Jones stated: “There is no merit to his arguments that the telephone toll-billing records should have been suppressed. Defendant had no legitimate expectation of privacy in the records maintained by the telephone company with respect to either his own telephone or that of his friend, and their release to the District Attorney of Suffolk County worked no violation of defendants right to be free from unreasonable searches and seizures under the Fourth Amendment to the Federal Constitution (cf. United States v *275 Miller, 425 US 435 [bank records]; and Smith v Maryland, 442 US 735 [data collected by use of a ‘pen register’]). We decline defendant’s invitation to establish a more restrictive standard under the provisions of section 12 of article I of the New York State Constitution, concluding that there is no sufficient reason for any such differentiation (see contra, People v Blair, 25 Cal 3d 640; Burrows v Superior Ct., 13 Cal 3d 238).” (Emphasis supplied.)
While it may be true that the Di Raffaele case concerned itself with telephone toll records, nevertheless it is quite clear that the Court of Appeals, not only citing the Smith v Maryland case but specifically referring to “pen register”, indicated that “pen registers” were included in all records maintained by telephone companies.
Pen registers are constitutionally valid. Defendant’s motion is denied.