OPINION OF THE COURT
Meyer, J.
The legal sufficiency of a conceded set of facts to support a judgment of conviction entered upon a guilty plea may not be saved for appellate review by conditioning the plea on defendant’s right to appeal that issue, even though the prosecutor consents to, and the Trial Judge approves, the entry of such a conditional plea. Because defendant’s pleas were conditioned upon the power of the prosecutor to consent and the court to approve such a plea and provided for *341 vacatur of the pleas if it was held that there was no such power, we affirm the order of the Appellate Division vacating defendant’s pleas and remitting the matter for further proceedings on the indictment.
Defendant was indicted for reckless endangerment in the first degree, reckless driving and criminal possession of a weapon in the third and fourth degrees. The charges arose out of a high speed automobile chase through a residential neighborhood in Brooklyn at about 2:30 A.M. Defendant was the driver and owner of the vehicle. After the car was stopped it was found to contain two concealed handguns.
Pursuant to a court approved agreement with the prosecutor,[1] defendant pleaded guilty to the reckless endangerment and weapons counts in the indictment. As part of that agreement, two issues were to survive the plea for appellate review. The first concerned whether the speed of the automobile and the circumstances surrounding the chase were sufficient to constitute the “depraved indifference to human life,” “recklessness,” and “grave risk of death to another person” that are required for conviction of first degree reckless endangerment (Penal Law, § 120.25). The second was the constitutionality of the so-called gun presumption statute (Penal Law, § 265.15,. subd 3) as applied to defendant’s situation.
The record upon which the appellate court was to rule upon these issues was provided by defendant’s allocution. In separate and detailed written statements which he read before the court, defendant admitted facts relative to both the reckless endangerment and the weapons charges. In the first statement, defendant declared that in the course of a 25-block pursuit by a police car his maximum speed was approximately 60 miles per hour and he drove through five red lights before his vehicle came to a halt on the sidewalk after jumping the curb. He stated also that there was some vehicular traffic on the street at the time, that he passed at least four moving cars and a number of parked cars, that *342 there were both private houses and apartments on the streets over which he passed and in some the lights were on, and that he saw no pedestrians on the street. Concerning the weapons charges, defendant admitted that there were two weapons in the car: a loaded .38 caliber revolver and an unloaded .25 caliber automatic pistol, that both were hidden beneath the rear seat, that he owned both and knew of their location as he drove the vehicle. In the car during the chase were two other persons, one seated next to him on the front seat and the second seated behind him in the rear seat.
On appeal to the Appellate Division that court, despite the urging of both the defendant and the prosecutor, refused to consider the merits of the two issues thus sought to be presented to it. It characterized the hearing of appeals on the basis of such a negotiated conditional plea as “incompatible with principles of the sound administration of justice” (74 AD2d 317, 325). It reasoned that the review of a legal issue concerning factual guilt, which by their agreement the parties sought to save, was logicially inconsistent with the principle that a plea of guilty is an admission of factual guilt and that the limited record provided by the allocution on the weapons count was an inadequate basis from which to determine the constitutionality of the gun presumption statute as applied to defendant’s dominion and control over the weapons behind him under the rear seat. Pursuant to leave granted by a Judge of this court, the question whether a conditional plea such as here attempted is permissible is the issue for our decision.
The policy questions thus presented involve forfeiture of the right to appellate review, as distinct from preservation or express waiver.[2] The arguments usually advanced for per *343 mitting conditional guilty pleas are that doing so conserves judicial resources by making unnecessary a full trial, precludes the use of guilty pleas as a denigration of defendant’s rights under the exclusionary rule, and facilitates plea bargaining (Bond, Plea Bargaining and Guilty Pleas, § 7.22 [3]; 1 Wright,- Federal Practice & Procedure, § 175, pp 381-382; Comment, Conditioned Guilty Pleas: Post-Guilty Plea Appeal of Non jurisdictional Issues, 26 UCLA L Rev 360; Notes, 93 Harv L Rev 564; 9 Houston L Rev 305). The arguments to the contrary are that allowing such pleas will result in a flood of appellate cases, compromise the finality of the plea of guilty, create in the public generally a disrespect for the law by permitting a defendant to avoid admitted factual guilt, and circumvent the rule that constitutional issues are not decided unless essential to conclusion of the particular case, as well as the harmless error rule (State v Crosby, 338 So 2d 584 [La]; Bond, op. cit, § 7.22 [4]; Comment, Conditioned Guilty Pleas, 26 UCLA L Rev 360; Notes, 93 Harv L Rev 564; 9 Houston L Rev 305).
While standard-setting agencies and commentators have approved the conditional plea device for general application,[3] State and Federal courts are about evenly divided on the acceptability of such pleas.[4] Where permitted, how *344 ever, most such pleas involve the reservation of search and seizure issues (Comment, Conditioned Guilty Pleas: Post-Guilty Plea Appeal of Non jurisdictional Issues, 26 UCLA L Rev 360, 375), as to which our Legislature has expressly provided, in CPL 710.70 (subd 2), that denial of “a motion to suppress evidence may be reviewed upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty.”[5]
Because the major ameliorative purpose of the conditional plea device has, thus, already been achieved in this State, and because the issues sought to be saved for review by the plea in the instant case concern only the sufficiency of conceded facts to support a judgment of conviction entered upon a plea of guilty, we do not find it necessary to enter into an extended analysis of the competing policy considerations with respect to all of the possible issues that could be the subject of a conditional plea. Rather, we limit our discussion to the particular issues sought to be preserved for review in the instant case and leave for another day consideration of other permutations of the problem.
On the limited question before us, we agree with the Appellate Division that as a matter of policy the plea must be vacated and the matter remitted to the trial court for further proceedings. We do so because of the logical inconsistency involved in permitting a defendant to enter a plea of guilty and, at the same time, with the consent of the prosecutor and the approval of the court, obtain appellate review of the legal sufficiency of evidence that would hypothetically have been adduced at trial to support conviction of the crime thus admitted. As we noted in People v Lynn (28 NY2d 196, 201), “A plea of guilty ‘is more than a confession which admits that the accused did various acts; it is itself a conviction [and] nothing [else] remains but to give judgment and determine punishment’ (Boykin v Alabama, 395 U. S. 238, 242).” Indeed, to save by agree *345 ment for appellate review an insufficient evidence claim following a plea of guilty would turn the “solemn act” of pleading guilty (see Toilet v Henderson, 411 US 258, 267) into a mere device for maintaining innocence while avoiding trial.
For the foregoing reasons, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order affirmed.

. Absent the People’s consent and the court’s approval, appellate review would be foreclosed by our holding in People v Mack (53 NY2d 803, 806) that “A defendant cannot by a unilateral recital of an intention or desire to preserve a legal contention evade what would otherwise be the consequences of his guilty plea.”

. Preservation concerns whether an issue has been properly brought to the attention of the Trial Judge and opposing attorneys (cf. People v Michael, 48 NY2d 1, 5, n 1). Forfeiture occurs by operation of law as a consequence of a guilty plea, with respect to issues which as a matter of policy the law does not permit to survive such a plea. Express waiver results from “an intentional relinquishment or abandonment of a known right or privilege” (Johnson v Zerbst, 304 US 458, 464). As to a conditional plea, the consent of the court and the agreement of opposing counsel obviate any question of preservation, and express waiver is irrelevant since defendant has, by obtaining consent of the court and agreement of opposing counsel, expressly sought to reserve the issue.

. Both the Commissioners on Uniform Laws (Uniform Rules of Criminal Procedure, rule 444, subd [d] [10 ULA (Master Ed) 204-205]) and the American Bar Association’s Standards Relating to Criminal Appeals (§ 1.3, subd [a], par [iii]) approve conditional pleas. (See, also, Note, Conditional Guilty Pleas, 93 Harv L Rev 564; Pitler, New York Criminal Practice, §9.11 [1979 Supp], p 243); Bond, Plea Bargaining and Guilty Pleas, § 7.22 [2]; 3 La Fave, Search & Seizure, § 11.1, subd [d].)

. Decisions approving have been rendered in the following State courts: Nickels v State (545 P2d 163 [Alaska] [nolo contendere plea]) ; State v Ashby (245 So 2d 225 [Fla] [as to nolo contendere pleas only]); State v Hutchison (349 So 2d 1252 [La]). The following State courts have disapproved: State v Arnsberg (27 Ariz App 205); State v Dorr (184 NW2d 673 [Iowa]); Killebrew v State (464 SW2d 838 [Tex]). In the Federal courts conditional pleas have been approved in the Second and Third Circuits: United States v Doyle (348 F2d 715 [2d Cir], cert den 382 US 843); United States v Rothberg (480 F2d 534 [2d Cir], cert den 414 US 856) ; United States v Burke (517 F2d 377 [2d Cir]); United States v Zudick (523 F2d 848 [3d Cir]); United States v D’Amato (436 F2d 52 [3d Cir]); United States v Moskow (588 F2d 882 [3d Cir]). But the Fifth, Sixth, Seventh and Ninth Circuits have disapproved such pleas: United States v Sepe (486 F2d 1044 [5th Cir]); United States v Cox *344 (464 F2d 937 [6th Cir]) ; United States v Brown (499 F2d 829 [7th Cir], cert den 419 US 1047) ; United States v Benson (579 F2d 508 [9th Cir] ; see also, Note, Conditional Guilty Pleas, 93 Harv L Rev 564, 565-566, ns 9, 10, 11).

. Similar statutes exist in California (Cal Penal Code, §§ 1237.5, 1538.5), Florida (Fla Stat Ann, § 924.06, subd [3]) and Wisconsin (Wis Stat Ann, §971.31, subd [10]).