OPINION OF THE COURT
Jones, J.
Defendant’s conditional plea of guilty to criminal usury in the second degree under section 190.40 of the Penal Law having been premised on an ineffectual assurance of the prosecutor, approved by the court, that, notwithstanding his plea, defendant could reserve his right to appellate review with respect to his contentions that section 190.42 of the Penal Law (criminal usury in the first degree) was unconstitutional and that the indictments should be dismissed for preindictment prosecutorial misconduct, defendant should be permitted to withdraw his plea and his conviction based thereon should accordingly be vacated. Additionally, there is no merit to defendant’s further contentions that his motion to suppress certain telephone toll-billing records was improperly denied or that his retrial is barred under constitutional double jeopardy principles.
Defendant was charged in two indictments with 12 counts of criminal usury in the first degree under section 190.42 of the Penal Law. He made an omnibus motion and then a supplemental motion in which he sought, inter alia, suppression of toll-billing records of his home telephone number and of the telephone number of Cecilia De Witt, a friend whose telephone he used to make and receive calls, and dismissal of the indictments on the ground that section 190.42 is unconstitutionally vague and overbroad. His motions in these respects were denied, and, on renewal of the motion to declare the statute unconstitutional, the court again denied the motion to dismiss. A further pretrial motion to dismiss the indictments on the ground of preindictment prosecutorial misconduct was also denied.
The action proceeded to trial which ended when the trial court granted defendant’s motion for a mistrial based on *239 prosecutorial improprieties in the course of the summation for the People.
Defendant then brought a proceeding under CPLR article 78 to prohibit a second trial on double jeopardy grounds. The relief sought was denied on the merits and the proceeding dismissed at the Appellate Division. Defendant appealed as, of right on constitutional grounds, but we granted the People’s motion to dismiss the appeal on the ground that no substantial constitutional question was directly involved (48 NY2d 974).
Thereafter defendant pleaded guilty to a single count of the crime of criminal usury in the second degree under section 190.40 of the Penal Law in satisfaction of all the counts in the two indictments. As part of his plea, with the express consent of the prosecutor and approval of the court, defendant explicitly reserved the right to appeal with respect to four rulings: denial of his motion to dismiss the indictment on the ground that section 190.42 of the Penal Law is unconstitutional; denial of his motion to suppress the toll-billing records of his home telephone and that of his friend; denial of his motion to dismiss the indictment on the ground of preindictment prosecutorial misconduct, and denial of his application to dismiss the indictment on constitutional double jeopardy grounds.
On appeal the Appellate Division affirmed the judgment of conviction of criminal usury in the second degree, without opinion (79 AD2d 686).
We now reverse the order of the Appellate Division, hold the purported reservation of rights to appeal ineffectual, vacate the plea, and remit the matter to the trial court for further proceedings on the indictments.
At the threshold we focus our attention on the reservation by defendant of his right to appeal with respect to the four stipulated rulings on which his plea was conditioned. We observe that with respect to two of such rulings no such reservation was required. The right to appellate review of the denial of his suppression motion is statutorily preserved to defendant (CPL 710.70, subd 2), and that right is not diluted by what otherwise might be an ineffective attempt at preservation, an attempt which in view of the *240 express statutory provision should be deemed immaterial surplusage. Similarly, but in this instance in consequence of controlling decisional law, the constitutional right not to be subject for the same offense to be twice put in jeopardy (US Const, 5th Amdt; NY Const, Art I, § 6) is not waived or forfeited by a guilty plea (Menna v New York, 423 US 61). Again, this principle is not affected by an unnecessary attempt at explicit preservation.
We turn then to the other two rulings as to which defendant sought to preserve his right to appellate review, notwithstanding his guilty plea. Reservation of such right with respect to the denial of his motion to dismiss the indictments on the ground of preindictment prosecutorial misconduct is precluded under the principles of forfeiture of the right to appellate review explicated in our recent decision in People v Thomas (53 NY2d 338). It is true that the precise issue sought to be preserved in Thomas was the legal sufficiency of the evidence to sustain the charge against the defendant; we held appellate challenge on that ground to be inconsistent with defendant’s admission, explicit in his guilty plea, that he had committed the crime with which he was charged. Similarly, and perhaps even more evidently, where defendant has by his plea admitted commission of the crime with which he was charged, his plea renders irrelevant his contention that the criminal proceedings preliminary to trial were infected with impropriety and error; his conviction rests directly on the sufficiency of his plea, not on the legal or constitutional sufficiency of any proceedings which might have led to his conviction after trial (People v Lynn, 28 NY2d 196, 201). The rationale and objective of appellate reversal of a trial conviction because of misconduct on the part of a prosecutor is not to discipline or punish the prosecutor but to protect the rights of the defendant and to assure that his conviction has not been accomplished by impermissible means. This rationale and objective would not be served by the vacatur of a conviction based on the defendant’s plea of guilty.
A defendant’s attempt by an explicitly conditional plea to reserve a right to contest the constitutionality of the statute under which he was convicted might not yield to *241 the sáme analysis. In this case, however, we have no occasion to address or resolve that issue. Here defendant’s conviction was of criminal usury in the second degree under section 190.40. He raises no challenge to the constitutionality of that section. Rather, he seeks by the device of his conditional plea to attack the constitutionality of another statute, section 190.42, defining criminal usury in the first degree, the statute under which he was indicted, but which is wholly irrelevant to his present conviction. Accordingly, he now has no standing to raise any question with respect to forfeiture of his right to appellate review of the constitutionality of section 190.42. To the extent that we now decline to give effect to the bargain made by defendant that notwithstanding his plea he could nonetheless contest the constitutionality of section 190.42, the proper remedy — which we accord him — is to permit him to withdraw the plea based on what has proved to be a false assurance, not to grant specific performance of the plea bargain (cf. People v Selikoff, 35 NY2d 227, 238-239).
The assurance on which defendant’s plea was predicated having been held to be ineffectual to preserve his right of appeal, he is entitled, if he wishes, to withdraw his plea of guilty (People v Thomas, 53 NY2d 338, 344, supra). On oral argument, defendant’s counsel stated that in such event defendant would wish to exercise that right. Accordingly, defendant should be permitted to withdraw his plea, in which case, of course, his conviction must be vacated and the case remitted for further proceedings on the two indictments.
Inasmuch as the case is to be remitted for further proceedings it is appropriate to address defendant’s contentions of error with respect to the two issues to which he is entitled to appellate review irrespective of the conditional plea and which will unquestionably be raised again in such further proceedings. We refer, of course, to his contentions with respect to suppression of the telephone toll-billing records and to his claim that constitutional double jeopardy principles bar his retrial.
There is no merit to his arguments that the telephone toll-billing records should have been suppressed. Defen *242 dant had no legitimate expectation of privacy in the records maintained by the telephone company with respect to either his own telephone or that of his friend, and their release., to the District Attorney of Suffolk County worked no violatioti of defendant’s right to be free from unreasonable searches and seizures under the Fourth Amendment to the Federal Constitution (cf. United States v Miller, 425 US 435 [bank records]; and Smith v Maryland, 442 US 735 [data collected by use of a “pen register”*]). We decline defendant’s invitation to establish a more restrictive standard under the provisions of section 12 of article I of the New York State Constitution, concluding that there is no sufficient reason for any such differentiation (see contra, People v Blair, 25 Cal 3d 640; Burrows v Superior Ct., 13 Cal 3d 238).
Next, defendant claims that the toll-billing records were obtained in violation of his constitutional privilege against self incrimination. There is no merit to this assertion inasmuch as the records were those of a third party, not defendant’s, were obtained from the third party and not defendant, and entailed no testimonial compulsion against defendant (Fisher v United States, 425 US 391).
In the third place, defendant claims that the toll-billing records should have been suppressed because they were obtained pursuant to subpoenas which were null and void inasmuch as they purported to be issued by a Grand Jury which was not convened, organized or sworn until more than two weeks after the subpoenas were issued. Even if it be assumed that the subpoenas in question were indeed null and void, whatever may have been the right of the telephone company to challenge their validity, defendant, having no possessory or proprietary interest in the records, has no standing to do so (cf. People v Ponder, 54 NY2d 160).
Finally, defendant claims that the records should have been suppressed inasmuch as they were sought for prosecution under what he asserts was an unconstitutional statute, viz., section 190.42 of the Penal Law. This ground for suppression being raised for the first time in our court *243 and not having been raised below in support of the motion to suppress is not now available to defendant (CPL 470.35, subd 1; cf. People v Tutt, 38 NY2d 1011).
As to the other issue which was not forfeited by the guilty plea, defendant’s contention that constitutional double jeopardy principles preclude his retrial, defendant is independently foreclosed from raising that issue on this appeal under the doctrine of res judicata. Case law preserving defendant’s right to seek appellate review accords him only a procedural opportunity; it does not assure him success on the merits of his contention. In the present instance defendant’s constitutional double jeopardy claims were fully litigated in his article 78 proceeding in the nature of prohibition. The final determination in that proceeding adverse to his present contentions (48 NY2d 974) now constitutes a res judicata bar to any further judicial consideration of his contentions.
For the reasons stated, the order of the Appellate Division should be reversed, defendant’s conviction vacated, his plea withdrawn, and the action remitted to Supreme Court, for further proceedings on the indictments.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur.
Order reversed, conviction vacated, plea withdrawn and case remitted to Supreme Court, Suffolk County, for further proceedings on the indictments.

 A “pen register” is a mechanical device that records the number dialed on a telephone by monitoring the electrical impulses caused as the dial on the telephone is released. It does not overhear oral communication and does not indicate whether calls are actually completed (United States v New York Tel. Co., 434 US 159, 161, n 1).