Meyer, J.
(dissenting). Respectfully, I dissent. The majority ignores the facts that in denying defendant’s motion to suppress, Judge Battisti reversed the order of a Judge of co-ordinate jurisdiction, Judge Fromer, who had granted defendant a suppression hearing. Because the Battisti order was made without authority, was apparently based upon the statement (which court records demonstrate to have been incorrect) that Judge Fromer had disqualified himself, and was expressly stated to be the predicate for defendant’s guilty plea, I would reverse the order of the Appellate Division and remit the matter to the County Court with directions to permit defendant to withdraw his plea if he be so advised and to proceed with the suppression hearing ordered by Judge Fromer subject, however, to a renewed motion for reargument by the People addressed to Judge Fromer with respect to that order.
Judge Battisti, to whom the People’s motion for reargument was addressed, made no finding that Judge Fromer had disqualified himself. Rather he considered the sup *536 pression question as an original matter and not on the basis of reargument of Judge Fromer’s order, for his reasoning was “I was assured by your office you would be ready to try this. Now, I’m faced with a suppression hearing. I’m not going to grant.”
He was not asked to grant and the issue before us is not whether he exercised his discretion properly, but whether he had the authority to review Judge Fromer’s prior grant made, in the exercise of discretion. As a Judge of coordinate jurisdiction he could neither ignore nor overrule Judge Fromer’s order granting a hearing on defendant’s suppression motion. He could act only if, on a reargument motion addressed to Judge Fromer, the latter disqualified himself. To reason as did the Appellate Division majority that, without any attempt to ascertain from Judge Frqmer whether he had in fact disqualified himself and without any finding of disqualification, Judge Battisti could withdraw the right to a suppression hearing previously granted by Judge Fromer is simply to ignore the rule firmly embedded in the law, that a Judge of co-ordinate jurisdiction has no authority to sit in review of a colleague’s order.
Moreover, the District Attorney’s statement, upon which the Appellate Division relied, was inconsistent with the fact, for as shown by court records of which judicial notice can be taken, Judge Fromer presided in other later, matters concerning defendant, which he would not have done (nor indeed would he have made the original order granting a suppression hearing) had he disqualified himself.
The record is clear that Judge Battisti’s refusal to allow a suppression hearing was the basis of defendant’s plea, for defendant’s attorney stated when the plea was entered that the prior not guilty plea was being withdrawn “in view of the denial of our application for permission to file suppression motions and to conduct the suppression hearing” and reiterated at sentence that defendant “entered a plea of guilty having been effectively deprived of all of his pretrial rights” to which Judge Battisti responded that “if you desire to appeal that suppression hearing you are perfectly entitled to do it.”
*537 It is, therefore, incorrect to characterize the Battisti order, as the majority does (p 532), as an “order denying an application for permission to make a late motion to suppress”. It was rather an unauthorized order taking away from defendant the suppression hearing already granted and the right of appeal from denial on the merits that would have been defendant’s under CPL 710.70 (subd 2) had that hearing resulted in denial of his motion to Suppress. Correctly described the order is well within the scope and intent of that subdivision, though technically not itself an order denying a motion to suppress.
There was, therefore', no forfeiture of defendant’s right to appeal. Simply put, the only question is whether Judge Battisti had authority to reverse Judge Fromer’s order or was required by it to proceed with the suppression hearing.* He did not have such authority and defendant’s plea having been entered solely because he was improperly deprived of the suppression hearing previously granted to him, defendant should be given back his plea (cf. People v Thomas, 53 NY2d 338, 344) without prejudice to a proper motion by the People to reargue Judge Fromer’s order granting a hearing, if they be so advised.
Chief Judge Cooke and Judges Jasen, Gabrielli and Wachtler concur with Judge Jones; Judge Meyer dissents and votes to reverse in a separate opinion in which Judge Fuchsberg concurs.
Order affirmed.

 No issue of ineffectiveness of counsel is involved in Judge Battistj’s ruling, though the ineffectiveness of defendant’s original counsel, who not only made no motion ■ to suppress but also “lost” the file, was apparently involved in Judge Fromer’s order.