■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN LEVIN, Appellant.—Appeals by the defendant (by permission), (1) from an order of the County Court, Nassau County (Collins, J.), dated April 23, 1984, which denied his motion to vacate a judgment of the same court, rendered April 6, 1981, convicting him of grand larceny in the third degree, upon his plea of guilty, and imposing sentence, and, (2) as limited by his brief, from so much of an order of the same court, dated July 24, 1984, as, upon reargument, adhered to its original determination.

Appeal from the order dated April 23, 1984 dismissed. That order was superseded by the order dated July 24, 1984, made upon reargument.

Order dated July 24, 1984 affirmed, insofar as appealed from.

The record does not support the defendant's claim that his guilty plea was specifically conditioned on the preservation of his right to review on appeal the denial of his motion to dismiss the indictment. In any event, the defendant had an opportunity to make this argument before this court (People v Levin, 85 AD2d 933) and before the Court of Appeals on his

direct appeal from his conviction but he failed to do so. We cannot sustain his argument that the affirmance of his judgment of conviction by the Court of Appeals *(People v Levin,* 57 NY2d 1008, *rearg denied* 58 NY2d 824) violated the alleged conditional plea. Equally unavailing is the defendant's contention that the alleged plea arrangement was frustrated by the decision in *People v Thomas* (74 AD2d 317, *affd* 53 NY2d 338), rendered three months after the entry of his plea, which held, *inter alia,* that conditional pleas will not be sanctioned. This court's determination in *People v Thomas* (74 AD2d 317, *supra),* which the Court of Appeals affirmed, albeit on more narrow grounds, was rendered nearly one year prior to defendant's entry of his guilty plea. Therefore, vacatur of the defendant's guilty plea is not warranted in order to preserve any principles of fundamental fairness *(see, People v O'Brien,* 84 AD2d 567, *affd* 56 NY2d 1009; *cf. People v Quinones,* 84 AD2d 568).

Finally, there is no indication that *People v Valenza* (60 NY2d 363) was intended to overrule *People v Levin (supra).* We have recently rejected, upon similar facts, the argument asserted by the defendant premised upon the decision in *People v Valenza (supra),* to wit, that the larceny count of the indictment upon which the defendant's guilty plea is predicated is jurisdictionally defective *(see, People v Salvato,* 111 AD2d 773; *People v Cesare,* 111 AD2d 764). Thompson, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.