■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE M. HARDY, Appellant.—Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered May 2, 1990, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

On December 29, 1988, an armed robbery was committed with a sawed-off shotgun at the Central Veterinary Clinic in

the City of Albany. Three days later defendant's former girlfriend, Rosemary Trichilo, told the police that defendant had dropped off a sawed-off shotgun at her home. After recovering the shotgun, police officers went to defendant's apartment and knocked on the door. Defendant's fiancée answered the door and, upon the officers' request to speak to defendant, allowed them into the apartment. When defendant saw the officers, he asked why they were there and was told about the information given to them by Trichilo. Defendant admitted that he dropped off the gun at Trichilo's home, stating that it belonged to his brother or father. Defendant was then placed under arrest and taken into custody. After the issuance of *Miranda* warnings, defendant made various oral admissions and gave a written statement implicating himself and a codefendant in the robbery.

Defendant was subsequently indicted on two counts of robbery in the second degree and one count of criminal use of a firearm in the second degree. At the time of defendant's arraignment,[1] the People served defense counsel with a notice pursuant to CPL 710.30 indicating, *inter alia,* that the People intended to offer both oral and written statements made by defendant. Also at that time, County Court directed that certain suppression hearings were to be scheduled.

Prior to the commencement of the suppression hearing, defendant orally moved to preclude any evidence of his oral or written statements, claiming that the People failed to provide the statements within the 15-day period after arraignment, as required by CPL 710.30.[2] Following the hearing, County Court denied defendant's preclusion motion and denied suppression of the oral and written statements, concluding, *inter alia,* that they had not resulted from an illegal warrantless arrest. Defendant then pleaded guilty to second degree robbery in full satisfaction of the charges against him. As part of his plea, defendant expressly reserved his right to appeal County Court's adverse rulings. This appeal ensued.

Initially, we reject defendant's contention that he was subject to an illegal warrantless arrest in his home. Upon our

---

1. Defendant was arraigned on January 20, 1989 and, apparently due to a jurisdictional defect, again on January 25, 1989.

2. From the record, it appears that defendant did not make an unsuccessful motion to suppress the oral and written statements so as to render such statements admissible despite the late notice (*see,* CPL 710.30 [3]). The record reflects that County Court proceeded with the *Huntley* hearing without prejudice after the defense expressly reserved the right to file its written motion to preclude.

review of the hearing record, we find no basis for disturbing County Court's finding that defendant's fiancée, a resident of the apartment, voluntarily consented to the entry by police. Under these circumstances, defendant's reliance upon *Payton v New York* (445 US 573) is misplaced *(see, People v Daly,* 180 AD2d 872, *lv denied* 79 NY2d 1048). Furthermore, Trichilo's statement to police that defendant left a sawed-off shotgun at her home, the subsequent recovery of that weapon by police and defendant's admission that he had taken the weapon to Trichilo's home clearly provided the police with probable cause to arrest defendant for criminal possession of a weapon in the third degree *(see, People v Bigelow,* 66 NY2d 417, 423; *People v Cole,* 152 AD2d 851, 852-853, *lv denied* 74 NY2d 895; *People v Bartlett,* 146 AD2d 705, 705-706, *lv denied* 74 NY2d 845).

The only other point raised by defendant on this appeal warranting any extended discussion is his claim that County Court improperly denied his motion to preclude the People's introduction of his oral and written statements. By pleading guilty, defendant forfeited his right to seek reversal of his conviction on the ground that evidence is inadmissible because the prosecution failed to provide the notice required by CPL 710.30 *(see, People v Taylor,* 65 NY2d 1). Defendant's attempt to preserve his right to appellate review of this issue, based upon a claimed impropriety or error in the criminal proceedings preliminary to trial, is ineffectual because "his conviction rests directly on the sufficiency of his plea, not on the legal or constitutional sufficiency of any proceedings which might have led to his conviction after trial" *(People v Di Raffaele,* 55 NY2d 234, 240). Nor is the issue preserved merely because defendant obtained the consent and approval of the prosecutor *(see, People v O'Brien,* 56 NY2d 1009).

In *People v Thomas* (53 NY2d 338, 344), the Court of Appeals agreed with the Second Department "that as a matter of policy" a plea conditioned on an ineffectual attempt to preserve an issue for appellate review should be vacated *(see, People v Di Raffaele, supra).* The Second Department had considered the matter one of "fairness" because the defendant was "foreclosed from raising his contentions on this appeal, and the plea was given in reliance on his ability to pursue his appellate remedy" *(People v Thomas,* 74 AD2d 317, 326, *affd* 53 NY2d 338). In a subsequent case, affirmed by the Court of Appeals, the Second Department refused to accord any relief on direct appeal to a defendant whose conditional plea was ineffectual to preserve an issue for appellate review *(People v*

*O'Brien,* 84 AD2d 567, 568, *affd* 56 NY2d 1009, *supra).* In so doing, the court explained that the "fairness considerations" present in *People v Thomas (supra)* were no longer present because the conditional plea was interposed after the decision in the *Thomas* case. Here, too, defendant's conditional plea was interposed long after the Court of Appeals had held that such pleas were an ineffective means of preserving the issue which defendant sought to preserve. Accordingly, he is entitled to no relief on his direct appeal.

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.