■ In the Matter of ROBERT M. CARNEY, as District Attorney of Schenectady County, Petitioner, v S. PETER FELDSTEIN, as Acting County Judge of the County of Schenectady, et al., Respondents. [597 NYS2d 982] —Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondent Schenectady County Judge from accepting a guilty plea of respondent Francis Di Donato on an indictment charging him with murder in the second degree (three counts) and burglary in the first degree.

On January 11, 1991 respondent Francis Di Donato (hereinafter defendant) was indicted by a Schenectady County Grand Jury on three counts of murder in the second degree and one count of burglary in the first degree. The crimes involved the beating and strangulation of the victim after defendant broke into her home and stole her money. In March 1992 defendant's counsel sought to file a notice of intent to proffer psychiatric testimony in accordance with CPL 250.10. Petitioner filed no response, apparently because the attempted notice was late. On June 8, 1992 defendant moved for an order allowing him to file a late notice of intent to present psychiatric evidence. County Court (Harrigan, J.) denied the motion for lack of a reasonable explanation for the delay of 15 months between arraignment and the filing of said notice. Defendant's motion for reconsideration was likewise denied.

The matter was then set down for suppression hearings before respondent Schenectady County Judge (hereinafter respondent) regarding defendant's alleged oral and written statements. Respondent denied the motion to suppress and also denied defendant's oral motion to allow a late notice of intent to proffer a psychiatric defense. When respondent was informed that the prosecution's case would take four to six weeks to try, he concluded that the acceptance of a plea of

guilty, subject to defendant's appeal of the denial of his CPL 250.10 motion, was within his jurisdiction and appropriate in the light of the waste of judicial resources that would occur if the case were tried with defendant's appeal of his CPL 250.10 motion unresolved.

At the plea allocution where defendant pleaded guilty to murder in the second degree (two counts) and burglary in the first degree, petitioner objected to the acceptance of defendant's guilty plea subject to defendant being able to appeal the denial of his CPL 250.10 motion. Respondent took the position that petitioner's consent was unnecessary because defendant was pleading to the entire indictment as it then read (see, CPL 220.10 [2]; *People v Moquin*, 77 NY2d 449, 453). Respondent agreed to place a cap of 20 years on the minimum portion of defendant's indeterminate sentence instead of the 25 years allowed by statute (see, Penal Law § 70.00 [3] [a] [i]). Petitioner then obtained an order to show cause from a Justice of this Court which stayed all further proceedings in the case until the instant application for a writ of prohibition could be heard and determined by this Court. Inasmuch as the sentence has not yet been imposed, so that there is no judgment of conviction on appeal here, the availability of such a writ in these circumstances is the sole issue in this proceeding.

A writ of prohibition is an extraordinary remedy and appropriate only to restrain a substantial and clearly unwarranted assumption of jurisdiction, i.e., where petitioner has a clear legal right to the relief sought and there is a serious claim of abrogation of power involving the very authority or power of the court (*Matter of Dondi v Jones*, 40 NY2d 8, 13-15; *La Rocca v Lane*, 37 NY2d 575, 578-579, *cert denied* 424 US 968). Furthermore, the writ will not lie if there is available an adequate remedy at law, of which appeal is but one (*Matter of State of New York v King*, 36 NY2d 59, 62). Even when appropriate, the writ may be denied in the court's discretion (*La Rocco v Lane, supra,* at 579).

Applying these principles we conclude that prohibition does not lie in these circumstances. Petitioner has made no showing that respondent lacked jurisdiction of the subject crimes or of defendant or that he impermissibly exceeded the jurisdiction that he had. Prohibition is not available to review collaterally substantive or procedural errors that might be addressed on appeal (*Matter of State of New York v King, supra,* at 62) and petitioner has demonstrated no compelling reason why prohibition is necessary. According to petitioner, respon-

dent acted in excess of his power by accepting defendant's conditional plea over petitioner's objection. The plea, however, was to the entire indictment and, therefore, petitioner's consent was not required (CPL 220.10 [2]). That the plea was conditioned upon defendant's ability to appeal the denial of his motion to file a late notice of intent to proffer psychiatric evidence, and that petitioner did not consent to the condition, are relevant to the questions of preservation and waiver, which along with the question of forfeiture will arise if and when defendant actually perfects an appeal from the judgment of conviction *(see, People v Thomas,* 53 NY2d 338, 343). Regardless of whether the conditional plea is an effective means of raising an issue for appellate review, respondent did not exceed his authority by accepting the conditional plea *(cf., People v Hardy,* 187 AD2d 810, 812-813). In these circumstances, a writ of prohibition is inappropriate *(see, Matter of State of New York v King, supra)* and the petition must, therefore, be dismissed.

Weiss, P. J., Mercure and Mahoney, JJ., concur.

Levine, J. (concurring). I join in the majority's denial of a writ of prohibition, but wish to address in more detail what I consider to be the most troubling aspect of the plea arrangement between the respondent Schenectady County Judge (hereinafter respondent) and respondent Francis Di Donato (hereinafter defendant). Essentially, defendant was permitted to enter a conditional guilty plea pursuant to which the issue of the denial of leave to serve a late notice of insanity defense would be preserved on appeal or, if not, respondent promised that defendant would be allowed to withdraw his plea and go to trial on the indictment. A very strong argument can be made that this arrangement exceeded respondent's legal authority. The holdings in *People v Thomas* (53 NY2d 338, 344) and *People v Di Raffaele* (55 NY2d 234, 240-241) make quite clear that conditional pleas are disapproved of in New York and are ineffective to avoid forfeiture of appellate review of issues which actually do not otherwise, as a matter of law, survive a guilty plea. It was initially held under *Thomas* and *Di Raffaele* that a defendant erroneously relying on the false assurances of the court and prosecutor that a forfeited issue could nevertheless be raised on appeal had the redress of obtaining vacatur of the guilty plea *(see, People v Thomas, supra,* at 344; *People v Di Raffaele, supra,* at 241).

Subsequent holdings, however, also make it clear that a defendant, such as defendant in this case, may no longer automatically be granted the right to withdraw a guilty plea

following an unsuccessful attempt to obtain appellate review of an issue forfeited by the plea *(see, People v Levin,* 119 AD2d 698, 699, *lv denied* 68 NY2d 758; *People v O'Brien,* 84 AD2d 567, 568, *affd* 56 NY2d 1009; *see also, People v Hardy,* 187 AD2d 810). The rationale of these cases is that, in view of the now settled disapproval of conditional pleas in this State, "principles of fundamental fairness" *(People v Levin, supra,* at 699) no longer dictate permitting a withdrawal of the guilty plea in every such case. Thus, respondent's promise to defendant, that if his appeal on the late insanity defense notice is dismissed he can withdraw his guilty plea, gives defendant a remedy no longer afforded under all circumstances to all defendants who have entered conditional guilty pleas. In this sense petitioner's claim, that respondent exceeded his legal authority in unqualifiedly promising defendant the right to withdraw his plea, has substantial cogency under the principles of *Matter of Proskin v County Ct.* (30 NY2d 15, 19-21).

The *Proskin* case is distinguishable in one vital respect, however, i.e., the District Attorney in that case had no remedy to challenge the action of the court by way of direct appeal. That is not the situation here. In the instant case, if defendant's appeal is dismissed because the guilty plea worked a forfeiture of his objection, in order to enforce respondent's promise, defendant will then have to make a postjudgment application to vacate the conviction in the nature of a motion pursuant to CPL article 440. Such a remedy was not entirely foreclosed in *People v O'Brien (supra)* and cases that have followed it. In *O'Brien,* the court specifically recognized that a defendant pleading guilty on the erroneous advice that an issue survived the plea for purposes of direct appeal may have the right to attack the voluntary and intelligent character of the plea in a postjudgment application *(see, People v O'Brien, supra,* at 568; *see also, United States v Benson,* 579 F2d 508, 511; *People v King,* 152 AD2d 815, 816). Thus, respondent would have jurisdiction to entertain such a postjudgment application by defendant to enforce the promise of permission to withdraw his guilty plea. However, any order by respondent granting defendant vacatur of the judgment of conviction would clearly be appealable by the People *(see,* CPL 450.20 [5]). On such an appeal, I see no reason why petitioner would not have the right to challenge the legality of the plea arrangement between respondent and defendant, as well as to attack the order on the merits, including whether defendant was justified in relying upon the arrangement under the circumstances. Thus, petitioner appears to have an adequate

alternative remedy to prohibition and, accordingly, I join in voting to dismiss his application *(see, Matter of State of New York v King,* 36 NY2d 59, 62).

Adjudged that the petition is dismissed, without costs.