◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS DI DONATO, Appellant. [621 NYS2d 226] —Casey, J. Appeal from a judgment of the County Court of Schenectady County (Feldstein, J.), rendered June 18, 1993, convicting defendant upon his plea of guilty of the crimes of murder in the second degree (two counts) and burglary in the first degree.

Following defendant's indictment on murder and burglary charges, his counsel filed pretrial omnibus motions which did not contain a CPL 250.10 notice of intent to present psychiat-

ric evidence. Defendant obtained new counsel who filed notice of such intention and thereafter moved for leave to file a late CPL 250.10 notice of intent to proffer psychiatric evidence. The People failed to respond due to the lateness of the motion. After a hearing, County Court denied defendant's motion, finding no legitimate reason for the 15-month filing delay and also that defendant failed to provide sufficient evidence to sustain the mental defect defense.

Without the consent of the District Attorney, defendant subsequently pleaded guilty to two counts of murder in the second degree and burglary in the first degree, which were all of the offenses then charged in the indictment. The plea was conditioned by the County Judge, who agreed to place a cap of 20 years on the minimum portion of defendant's indeterminate sentence instead of the 25 years allowed by statute (see, Penal Law § 70.00 [3] [a] [i]), and also agreed to vacate the plea and the sentence imposed if the issue of the denial of the motion to file a late notice of intent proved nonappealable.*
Defendant was sentenced as promised by County Court to concurrent prison terms of 20 years to life on each of the murder charges and 8⅓ to 25 years on the burglary charge. Defendant appeals.

By his knowing and voluntary plea of guilty to the indictment as it then read, defendant forfeited the right to appeal the denial of his motion to file a late notice of intent pursuant to CPL 250.10. Conditional pleas are disapproved in New York and are ineffective to avoid forfeiture of appellate review of issues which do not otherwise, as a matter of law, survive a guilty plea (see, People v Di Raffaele, 55 NY2d 234, 240; People v Thomas, 53 NY2d 338). Only an extremely limited group of issues survive the entry of a guilty plea and may properly be raised on a subsequent appeal (see, People v Callahan, 80 NY2d 273, 280). This narrow category is generally made up of claims which are jurisdictional in nature or relate to " 'fundamental matter[s]' " (People v Gerber, 182 AD2d 252, 261, lv denied 80 NY2d 1026; see, People v Taylor, 65 NY2d 1, 5). The issue involved here concerns a procedural matter which does not survive defendant's knowing and voluntary plea and must be deemed forfeited by such plea (see, People v Gerber, supra, at 260, 261). There is a critical distinction

---

* Prior to sentencing, the District Attorney instituted a CPLR article 78 proceeding in the nature of prohibition in this Court to prevent the acceptance of the plea and the imposition of sentence promised by County Court as being in excess of County Court's jurisdiction. The petition was dismissed (see, Matter of Carney v Feldstein, 193 AD2d 1016).

between a defendant's application to file a late motion and the merits of the constitutional contentions involved if the merits of the motion are considered *(see, People v Petgen,* 55 NY2d 529, 534). In any event, the proposed insanity defense which gave rise to the procedural issue does not involve either defendant's incapacity to assist in his defense or any other fundamental matter.

Defendant further argues that if the conditional plea is found ineffective, as it is herein, he should be permitted to withdraw his plea. Based upon our holding in *People v Hardy* (187 AD2d 810, 813), we conclude that defendant is entitled to no relief on his direct appeal.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the judgment is affirmed.