*993
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted upon his plea of guilty of two counts of murder in the second degree and one count of burglary in the first degree and sentenced to an indeterminate term in prison. The Appellate Division affirmed the judgment.
 

 Upon this appeal he challenges a ruling of the court which denied his motion to file a late notice of intention to present psychiatric evidence. The motion was made some 15 months after his plea of not guilty to the indictment
 
 (see,
 
 CPL 250.10). The court denied the motion, concluding defendant had failed to excuse the delay or present sufficient evidence to support the mental defect defense. Defendant maintains that the ruling was erroneous and that he may appeal it notwithstanding his plea of guilty. The ruling is not within that limited group of questions which survive a plea and may subsequently be raised on appeal
 
 (see, People v Callahan,
 
 80 NY2d 273, 280;
 
 People v Seaberg,
 
 74 NY2d 1, 10;
 
 People v Taylor,
 
 65 NY2d 1, 5). It was a discretionary ruling, addressing procedural timeliness, and defendant’s ability to challenge it was forfeited by his plea
 
 (see, People v Petgen,
 
 55 NY2d 529, 534).
 

 Nor may defendant raise the issue because his plea was expressly conditioned on his right to appeal the ruling. Generally, conditional pleas are not accepted in New York (see,
 
 People v O’Brien,
 
 84 AD2d 567,
 
 affd,
 
 56 NY2d 1009;
 
 see also, People v Di Raffaele, 55
 
 NY2d 234, 240;
 
 People v Thomas,
 
 53 NY2d 338).
 

 Insofar as defendant urges that under the circumstances his plea was not knowing or voluntary, that contention must be addressed in a proceeding pursuant to article 440 of the Criminal Procedure Law.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur; Judge Levine taking no part.
 

 Order affirmed in a memorandum.