■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANTE WRIGHT, Appellant. [681 NYS2d 803] —Mikoll, J. P. Appeals (1) from a judgment of the County Court of Rensselaer County (Sheridan, J.), rendered July 24, 1996, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a forged instrument in the second degree, forgery in the second degree (two counts), criminal possession of a weapon in the third degree and disorderly conduct, and (2) by permission, from an order of said court, entered January 20, 1998, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

These appeals center on the denial of defendant's request for a *Mapp* hearing, which he attributes alternatively to error by County Court or the ineffective assistance of his counsel. We conclude that County Court did not err in summarily denying his suppression motion based upon the absence of sworn allegations of fact establishing a legal basis for suppression. We further conclude that although the court's summary denial of the motion resulted from the conceded failure of defendant's former counsel to investigate the facts and submit an adequate supporting affidavit, by his subsequent voluntary guilty plea defendant forfeited any claim of ineffective assistance of counsel in this regard.

The following facts are pertinent. At approximately 4:30 A.M. on September 4, 1995, Police Officer Richard Schoonmaker was en route to a call when he observed defendant, on a bicycle, talking to the occupant of a car stopped in the northbound lane of Ingalls Street in the City of Troy, Rensselaer County.

Schoonmaker testified that the bicycle was positioned in such a way that its rear portion extended into the southbound lane of traffic, necessitating that his and another police vehicle swerve toward the curb to pass it. After responding to the call, Schoonmaker returned to the location where he had seen defendant, based in part on his suspicion that defendant was engaging in drug activity. Defendant was no longer in the same spot but was further down the street on his bicycle, again causing two police vehicles to swerve into the other lane to avoid him. No other traffic was abroad.

In response to Schoonmaker's inquiry, defendant identified himself as "Taliek Wilkins". Asked for additional identification, defendant produced a student identification card from a local community college. Schoonmaker testified that he was familiar with this college's identification cards and recognized the tendered card as false, whereupon he placed defendant under arrest for disorderly conduct (obstructing traffic) and "suspicion of false identification". He then patted defendant down and upon perceiving a bulge in his pocket, removed a butterfly knife. After defendant was placed in the patrol car, Schoonmaker observed defendant to be acting "jittery". At the police station, a search of the rear seat of the patrol vehicle yielded two packets of crack cocaine. In response to police questioning but before given his *Miranda* warnings, defendant made incriminating statements as to the cocaine.*

Defendant was subsequently charged in a multicount indictment with, *inter alia,* criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree. After making discovery demands and receiving responses thereto, defense counsel filed an omnibus motion seeking, *inter alia,* suppression of defendant's statement and the physical evidence seized from him. This latter request for relief was supported only by counsel's affidavit alleging that the arrest was unsupported by probable cause and the search was unlawful. No sworn allegations of fact were submitted as required by CPL 710.60 (1) and (2) (a). County Court granted defendant's motion for a *Huntley* hearing and denied the motion for a *Mapp* hearing. Counsel made several subsequent applications for a *Mapp* hearing, all of which were denied based upon the court's determination that no excusable neglect had been shown. After jury selection commenced, defendant pleaded guilty to the indictment in consideration of the court's commitment to sentence defendant, a prior felon, to

---

* The People eventually conceded the inadmissibility of defendant's statements on this basis.

concurrent minimum terms of imprisonment, defendant was not required to waive his right to appeal.

Defendant subsequently moved pursuant to CPL 440.10 for vacatur of his conviction upon the ground that he was denied the effective assistance of counsel. In support of this motion, defendant submitted an affidavit from his former counsel in which she accepted responsibility for the defective motion papers. She further acknowledged that notwithstanding her averment to the contrary in the original supporting affidavit, she had not met or spoken with defendant prior to submission of the motion, and thus was not possessed of the requisite factual information to support the request for a *Mapp* hearing. County Court denied the CPL 440.10 motion without a hearing, finding that defendant essentially received the functional equivalent of a *Mapp* hearing since, based on the testimony in the *Huntley* hearing, the court concluded that there was probable cause for the arrest and no basis for suppression of the physical evidence. These appeals ensued.

It is readily apparent that given the facts and circumstances surrounding defendant's arrest, a *Mapp* hearing was clearly indicated to explore the legality of the stop, detention, search and seizure of defendant. It is equally clear that such a hearing was not granted because, as counsel has acknowledged, she failed to interview defendant and ascertain the relevant facts, although she subsequently made numerous unsuccessful attempts to remedy her error. Further, we disagree with County Court's conclusion that "in practical and legal effect * * * defendant has had a ruling on the propriety of the underlying police conduct and may have that reviewed on his pending appeal from the judgment of conviction." The record of the *Huntley* hearing discloses that on several occasions the court restricted counsel's examination of the arresting officer based upon the limited scope of the hearing, noting that "[t]his is a Huntley hearing, not a probable cause hearing". These facts notwithstanding, it does not follow that defendant is entitled to vacatur of his conviction, which resulted from his subsequent knowing and voluntary guilty plea.

Addressing first defendant's contentions on his direct appeal, County Court did not err in summarily denying the suppression motion based upon its complete lack of supporting factual allegations (*People v Mendoza*, 82 NY2d 415). While perhaps a more prudent course for County Court would have been to grant a *Mapp* hearing upon counsel's subsequent application (*see, People v Mendoza, supra*, at 430), particularly since a *Huntley* hearing involving the same witness was held, its

refusal to do so is not subject to our review. Although defendant did not waive his right to appeal, that right encompasses only those issues which survived his entry of a guilty plea.

Thus, while he may (and does) appeal County Court's summary denial of his suppression motion, by his guilty plea he forfeited the right to appellate review of procedural matters relating thereto. We have previously noted the critical distinction between appellate review of such procedural matters as applications to file late motions and the merits of the underlying constitutional claim (*see, People v Di Donato,* 211 AD2d 842, *affd* 87 NY2d 992; *see generally, People v Taylor,* 65 NY2d 1; *People v Petgen,* 55 NY2d 529). Similarly, defendant's guilty plea, which he does not contend was involuntarily or unintelligently made, constituted a forfeiture of his right to claim that he was denied the effective assistance of counsel (*see, People v Ellett,* 245 AD2d 952, *lv denied* 91 NY2d 925; *People v Petgen, supra*; *People v Bethany,* 182 AD2d 1084, *lv denied* 80 NY2d 828).

Turning to defendant's CPL 440.10 motion based upon the same claim, we find no error in County Court's denial despite our disagreement with that court's reasons therefor. We find that notwithstanding counsel's error, defendant received meaningful representation when the law, the evidence and the circumstances of the particular case are considered in their totality (*see, People v Benevento,* 91 NY2d 708; *People v Rivera,* 71 NY2d 705; *People v Baldi,* 54 NY2d 137, 146-147). "The phrase 'meaningful representation' does not mean 'perfect representation' * * *. In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford,* 86 NY2d 397, 404, quoting *People v Modica,* 64 NY2d 828, 829). As a multiple prior felon, defendant faced significantly greater potential exposure upon his conviction after trial. His plea was entered upon the County Court's commitment to the most lenient possible sentence, concurrent as to all offenses. Moreover, despite any lingering questions about the propriety of the initial arrest and search of defendant, the fact remains that the most serious crime of which he was convicted stemmed from his possession of the cocaine which he secreted in the patrol *vehicle*. Assuming, arguendo, the absence of probable cause for defendant's arrest and the impropriety of a pat down incident to an arrest for a Penal Law violation (*see, People v St. Clair,* 80 AD2d 691, *affd* 54 NY2d 900), a successful challenge to the cocaine found in the patrol vehicle was unlikely

under the attenuation doctrine (*see, People v Boodle*, 47 NY2d 398, 404, *cert denied* 444 US 969; *People v Smith*, 235 AD2d 639, 640, *lv denied* 89 NY2d 1041).

Crew III, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the judgment and order are affirmed.

