■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERMAINE V. BROWN, Appellant. [805 NYS2d 876]—Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered January 11, 2005. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]). Defendant contends that the plea should be vacated on the ground that it was conditioned upon his ineffective reservation of the right to appeal with respect to the alleged denial of his statutory right to a speedy trial. We reject that contention. Defendant is not entitled to such relief on his direct appeal (*see People v Attanasio*, 240 AD2d 877, 878 [1997]; *People v Hardy*, 187 AD2d 810, 812-813 [1992]; *see also People v O'Brien*, 56 NY2d 1009 [1982]). Rather, defendant's challenge to the plea must be raised in a proceeding pursuant to CPL article 440 (*see People v Di Donato*, 87 NY2d 992, 993 [1996]). Present—Green, J.P., Scudder, Kehoe, Martoche and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTINA STEVENSON, Appellant. [805 NYS2d 876]—Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered January 21, 2005. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). Contrary to the contentions of defendant, her waiver of the right to appeal is valid (*see People v Callahan*, 80 NY2d 273, 280 [1992]), and that waiver encompasses her challenge to the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). In any event, the bargained-for sentence is not unduly harsh or severe. Present—Green, J.P., Scudder, Kehoe, Martoche and Pine, JJ.