Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Margulis, J.), dated April 18, 2012, as granted the defendant’s application pursuant to CPL 210.40 to dismiss certain counts of the indictment in furtherance of justice, and suppressed certain physical evidence.
Ordered that the order is reversed insofar as appealed from, on the law, the defendant’s application is denied, the subject counts of the indictment are reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.
The defendant made an application pursuant to CPL 210.40 to dismiss, in furtherance of justice, the counts of the indictment charging him with criminal possession of stolen property in the first degree, attempted grand larceny in the first degree, and grand larceny in the second degree. The defendant argued that such relief was warranted in light of alleged misconduct on the part of law enforcement personnel in issuing a subpoena to Citibank in order to obtain financial records pertaining to the defendant. The Supreme Court treated the application as one seeking both dismissal of the subject counts of the indictment in the furtherance of justice, and suppression of the Citibank records obtained through issuance of the subpoena. The court granted the application, and both dismissed the subject counts of the indictment and suppressed the Citibank records, concluding that the subpoena had been improperly issued. This was error.
Even assuming, arguendo, that the subpoena was improperly issued, the defendant had no standing to challenge the validity of the subpoena (see People v Di Raffaele, 55 NY2d 234, 242 [1982]; People v Crispino, 298 AD2d 220 [2002]; see generally Hyatt v State of Cal. Franchise Tax Bd., 105 AD3d 186, 194-195 [2013]) as he had no possessory or proprietary interest in the bank’s records (see United States v Miller, 425 US 435, 440-441 [1976]; Matter of Cappetta, 42 NY2d 1066, 1067 [1977]; cf. People v Di Raffaele, 55 NY2d at 242). Further, any impropriety in the issuance of the subpoena did not implicate the defendant’s constitutional rights (see United States v Miller, 425 US 435 [1976]; People v Di Raffaele, 55 NY2d at 241-242; Matter of Cappetta, 42 NY2d at 1067) or federal statutory rights (see 12 USC § 3401 [3]; Kosmider v Garcia, 111 AD3d 1134 [2013]). Since *707 any misconduct on the part of law enforcement in issuing the subpoena did not implicate the defendant’s rights or interests, justice did not require dismissal of the subject counts of the indictment on the basis of any such misconduct. Further, for the reasons noted above, suppression of the Citibank records was not proper either as a sanction for alleged misconduct or for an alleged violation of the defendant’s Fourth Amendment rights (see People v Di Raffaele, 55 NY2d at 241-242).
The defendant’s remaining contentions are without merit. Skelos, J.E, Leventhal, Chambers and Maltese, JJ., concur.