People v Criscuolo (2021 NY Slip Op 06813)





People v Criscuolo


2021 NY Slip Op 06813


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Acosta, P.J., Gische, Webber, Friedman, Kennedy, JJ. 


Ind No. 2055/13 Appeal No. 14791-14792 Case No. 2019-2131 2018-3444 

[*1]The People of the State of New York, Respondent,
v
Anthony Criscuolo, Defendant-Appellant.


Metcalf & Metcalf, P.C., New York (Martin Tankleff of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Cynthia A. Carlson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Judith Lieb, J.), rendered July 7, 2014, convicting defendant, upon his plea of guilty, of rape in the first degree, and sentencing him to a term of 14 years, and order, same court and Justice, entered on or about January 22, 2019, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
Recordings of nonprivileged phone calls to defendant's girlfriend and sister, that he made while in custody before his guilty plea, were properly admitted in the CPL 440.10 proceedings to refute claims made by defendant in those proceedings. The fact that some privileged attorney-client calls were inadvertently disclosed was sufficiently addressed and does not entitle defendant to vacatur of his conviction or dismissal of the indictment. Initially, we find that defendant has not identified any statutory or constitutional impediments to the People's use of the nonprivileged calls. The recordings were properly acquired and retained by way of a subpoena that was validly issued in the course of an unrelated grand jury investigation; in any event, the claimed irregularities regarding the subpoena would not entitle defendant to preclusion of the subpoenaed material or any other relief (see People v Di Raffaele, 55 NY2d 234, 242 [1982]). Defendant had no reasonable expectation of privacy in the content of the nonprivileged recorded calls, and his Fourth Amendment rights were not violated when the correctional facility turned over those calls to the People (see People v Diaz, 33 NY3d 92 [2019], cert denied __ US __, 140 S Ct 394 [2019]).
Defendant's principal argument concerns the disclosure of calls between defendant and his attorneys. This violation of the attorney-client privilege was both inadvertent and sufficiently remedied. The prosecutor was incorrectly informed that the calls provided did not include any attorney calls. Upon learning otherwise, the prosecutor created a firewall (see e.g. People v Raspa, 167 AD3d 456 [1st Dept 2018], lv denied 33 NY3d 953 [2019]) by having two prosecutors not involved in defendant's case provide a separate disc that excluded the attorney calls. In doing so, these prosecutors did not listen to the contents of the calls, and neither the firewall prosecutors nor any prosecutors involved in defendant's case learned the contents of the attorney calls or made any use of them. Accordingly, we find no violation of defendant's right to counsel or his due process rights.
Turning to defendant's challenge to his guilty plea, we find that the record demonstrates that defendant knowingly, intelligently and voluntarily pleaded guilty, and that the motion court correctly rejected his arguments to the contrary. The record supports the conclusion that defendant, a teacher, accepted a favorable plea offer to avoid a trial where overwhelming DNA, email, and other evidence of his rape of a 10-year-old student in his class would have been presented. The plea court conducted a [*2]thorough colloquy that established the voluntariness of the plea. We reject defendant's claim that he pleaded guilty in exchange for a transfer to a facility he considered to be safer, because the court specifically informed defendant that it had no influence over his placement. Further, during the plea colloquy, defendant confirmed that no one had "promised [him] anything other than" the promised sentence. Defendant also claims that the voluntariness of his plea was undermined by duress caused by violence against him while in custody, and by his physical and mental condition. However, the motion court found these claims to be unsubstantiated and contradicted by medical and administrative records, and by the above-discussed phone calls.
We find that defendant received effective assistance of counsel under the state and federal standards relating to guilty pleas (see generally People v Ford, 86 NY2d 397, 404 [1995]; Hill v Lockhart, 474 US 52, 59 [1985]). The record supports the motion court's detailed findings in this regard. Defendant has not shown that there was anything deficient about counsel's investigation or other conduct, or that any alleged deficiencies affected the plea process.
We have considered and rejected defendant's remaining arguments. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021