People v Ahmed (2022 NY Slip Op 51222(U))

[*1]

People v Ahmed (Mohammed)

2022 NY Slip Op 51222(U) [77 Misc 3d 130(A)]

Decided on December 15, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 15, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Hagler, Tisch, JJ.

570325/16

The People of the State of New
York, Respondent,
against
Mohammed Ahmed,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Gilbert C. Hong, J.), rendered May 2, 2016, convicting him, upon his
plea of guilty, of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Gilbert C. Hong, J.), rendered May 2, 2016, modified, as a
matter of discretion in the interest of justice, to the extent of vacating the mandatory
surcharge, and otherwise affirmed.
Defendant's contention that the ban on civilian possession and use of stun guns,
contained in Penal Law § 265.01(1), violated the Second Amendment right to bear
arms is unpreserved for appellate review, and we decline to review it in the interest of
justice. As an alternative holding, we find that defendant lacks standing to challenge the
constitutionality of Penal Law § 265.01(1). Defendant pleaded guilty solely to a
charge of disorderly conduct pursuant to Penal Law § 240.20. He may not use this
disorderly conduct conviction as a "device ... to attack the constitutionality of another
statute, [Penal Law § 265.01(1)], the statute under which he was
[charged] but which is wholly irrelevant to his present conviction" (People v Di
Raffaele, 55 NY2d 234, 241 [1982]; see People v Knight, 169 AD3d 493,
494 [2019], lv denied 33 NY3d 978 [2019]).
Based on our own interest of justice powers and the People's consent, we vacate the
surcharge and fees imposed at sentencing (see People v Chirinos, 190 AD3d 434
[2021]). All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court