■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD KING, Appellant.—Yesawich, Jr., J. Appeals (1)

from a judgment of the County Court of Clinton County (Feinberg, J.), rendered February 25, 1988, convicting defendant upon his plea of guilty of the crime of absconding from temporary release in the first degree, and (2) by permission, from an order of said court, entered October 25, 1988, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant pleaded guilty to the crime of absconding from temporary release in the first degree after his motion to dismiss the indictment based on the People's alleged failure to comply with speedy trial requirements was denied. As part of a plea agreement, defendant waived his right to appeal except as to the issue of whether his right to a speedy trial under CPL 30.30 had been violated. He thereafter commenced a direct appeal on that ground. In the meantime, defendant, fearing that his attempt to reserve his right to appellate review of the statutory speedy trial issue had been ineffectual, moved to withdraw his guilty plea, relying on *People v Di Raffaele* (55 NY2d 234). County Court denied the motion, noting the lack of unanimity among the Appellate Divisions on questions of waivers of the right to appeal. A Justice of this court granted defendant leave to appeal from that decision, which appeal is being decided together with defendant's earlier direct appeal; we reverse.

The issue here has already been determined by the Court of Appeals: a guilty plea precludes appellate review of a defendant's statutory speedy trial claim, even one of a conditional nature which has been consented to by the prosecutor and approved by the court *(People v O'Brien, 56 NY2d 1009, 1010)*. We reject the People's contention that defendant was seeking to reserve his constitutional, rather than statutory, speedy trial challenge, which is not automatically waived by a guilty plea *(see, People v Friscia, 51 NY2d 845, 847)*. That assertion is plainly refuted by the record.

When, as here, a plea is conditioned on the reservation of a claim for appellate review, and that reservation proves to be ineffectual, defendant is entitled to withdraw his guilty plea *(People v Di Raffaele, supra, at 241)*.

Appeal from the judgment dismissed.

Order reversed, on the law, motion to vacate the judgment granted, and matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.