■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN K. McCREADY, Appellant. [745 NYS2d 455] —Appeal by the defendant, by permission, and as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Mullen, J.), dated November 5, 2001, as denied that branch of his motion which was pursuant to CPL 440.20, in effect, to set aside a sentence imposed by the same court on January 9, 2001, upon his conviction of assault in the second degree.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was, in effect, to set aside the sentence imposed on his conviction of assault in the second degree is granted, the sentence is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for resentencing in accordance herewith.

As correctly conceded by the People, the sentence imposed by the Supreme Court upon the defendant's conviction of assault in the second degree was inconsistent with the sentence promised by the court at the plea proceeding. Pursuant to the court's promise, the defendant should have been sentenced to a determinate term of two years rather than a determinate term of three years. "[A] guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" (*People v Selikoff*, 35 NY2d 227, 241, *cert denied* 419 US 1122). Under the circumstances, the defendant should be resentenced in accordance with the court's promise. Santucci, J.P., Altman, S. Miller and H. Miller, JJ., concur.