■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CALVELLO, Appellant. [894 NYS2d 518]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered March 27, 2009, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith.

The defendant moved to disqualify the Richmond County District Attorney's Office (hereinafter the DA's office) based upon an alleged conflict of interest arising out of the fact that he was represented in civil matters by an attorney who was the spouse of the then Bureau Chief of the Investigations Unit of the DA's office. By pleading guilty, the defendant automatically forfeited his right to appellate review of the denial of his motion to disqualify the DA's Office (*see People v Konieczny*, 2 NY3d 569 [2004]; *People v Hansen*, 95 NY2d 227 [2000]; *People v Di Raffaele*, 55 NY2d 234 [1982]; *People v Bump*, 103 AD2d 974 [1984]). Contrary to the defendant's contention, because his right to appellate review of this claim was forfeited, the defendant may not raise this issue on appeal, despite his plea being expressly conditioned, with the approval of the court, on his right to appeal the ruling (*see People v Di Donato*, 87 NY2d 992 [1996]; *People v O'Brien*, 56 NY2d 1009 [1982]; *People v Thomas*, 53 NY2d 338 [1981]; *People v Ward*, 174 AD2d 589 [1991]).

However, as it is clear from the record that the defendant pleaded guilty in reliance upon a promise from the Supreme Court that could not be fulfilled, the defendant is entitled to withdraw his plea of guilty, if he is so advised, and the defendant has stated in his brief that, under these circumstances, he would want to withdraw his plea (*see People v Di Raffaele*, 55 NY2d 234 [1982]; *People v Selikoff*, 35 NY2d 227 [1974], *cert denied* 419 US 1122 [1975]; *People v McCready*, 296 AD2d 423 [2002]; *People v Ward*, 174 AD2d 589 [1991]; *People v King*, 152 AD2d 815 [1989]).

In view of the foregoing, we do not pass upon the merits of the defendant's motion. Covello, J.P., Angiolillo, Lott and Roman, JJ., concur.