Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Carter, J.), rendered January 14, 2016, convicting him of attempted murder in the second degree, assault in the first degree, criminal contempt in the first degree (four counts), aggravated criminal contempt (two counts), aggravated family offense, and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
 

 Ordered that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the indictment.
 

 On February 2, 2015, the defendant was indicted on various charges, including attempted murder in the second degree, stemming from an incident in which he stabbed his former girlfriend seven times. In August 2015, the defendant moved to dismiss the indictment pursuant to CPL 30.30, claiming that his statutory right to a speedy trial had been violated. The Supreme Court denied the motion.
 

 On November 16, 2015, during the victim’s testimony at trial, the defendant expressed his desire to plead guilty. Although the Supreme Court did not accept the defendant’s plea on that date, defense counsel discussed the defendant’s desire that his plea of guilty would not waive his right to appeal the denial of his motion to dismiss the indictment pursuant to CPL 30.30. Defense counsel and the prosecutor stated on the record that they believed the defendant could retain his right to appeal the denial of his motion despite pleading guilty.
 

 On November 24, 2015, the defendant entered a plea of guilty to all counts of the indictment. Although neither the defendant, defense counsel, the prosecutor, nor the Supreme Court expressly stated that the defendant’s plea of guilty was conditioned on his retention of the right to appeal the denial of his CPL 30.30 motion, the court indicated three separate times during the plea colloquy that the defendant was not forfeiting his right to appeal.
 

 A defendant who has entered a plea of guilty “forfeit [s] his [or her] right to claim that he [or she] was deprived of a speedy trial under CPL 30.30” (People v O’Brien, 56 NY2d 1009, 1010 [1982]; see People v Suarez, 55 NY2d 940, 942 [1982]). However, where, as here, the assurance on which a defendant’s plea was predicated is ineffectual to preserve the right to appeal, he or she is entitled, if he or she wishes, to withdraw the plea of guilty (see People v Di Raffaele, 55 NY2d 234, 241 [1982]; People v Calvello, 70 AD3d 847, 848 [2010]; People v Quinones, 84 AD2d 568, 569 [1981]).
 

 Here, it is clear from the record that the defendant pleaded guilty in reliance upon a promise from the Supreme Court that, upon his plea of guilty, he would retain the right to appeal the denial of his motion to dismiss the indictment pursuant to CPL 30.30. However, that promise could not be fulfilled (see People v O’Brien, 56 NY2d at 1010; People v Suarez, 55 NY2d at 942). Since the defendant is entitled to withdraw his plea of guilty (see People v Di Raffaele, 55 NY2d at 241; People v Calvello, 70 AD3d at 848; People v Quinones, 84 AD2d at 569), the judgment of conviction must be reversed, his plea vacated, and the matter remitted to the Supreme Court, Nassau County, for further proceedings on the indictment.
 

 Eng, P.J., Rivera, Roman and Connolly, JJ., concur.