People v Hernandez (2019 NY Slip Op 07605)





People v Hernandez


2019 NY Slip Op 07605


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2015-01508
 (Ind. No. 1700/12)

[*1]The People of the State of New York, respondent,
v
Sean Hernandez, appellant.


Paul Skip Laisure, New York, NY (A. Alexander Donn of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Victoria Randall on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John B. Latella, J.), rendered February 18, 2015, convicting him of attempted murder in the second degree (two counts) and assault in the first degree (four counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.
In 2012, the defendant was charged with various crimes, including two counts of attempted murder in the second degree, after he slashed two complainants with a box cutter, causing them both serious physical injuries. In October 2014, the defendant moved pursuant to CPL 30.30 to dismiss the indictment, claiming that his statutory right to a speedy trial had been violated. The Supreme Court denied the motion and, upon reargument, adhered to its prior determination.
On February 3, 2015, the defendant decided to accept the People's plea offer and indicated that he wanted to retain the right to appeal the denial of his motion pursuant to CPL 30.30 to dismiss the indictment. The Supreme Court advised the defendant that, in pleading guilty, he would retain his right to appeal the denial of his motion. On February 4, 2015, the defendant entered a plea of guilty to all counts of the indictment. The court advised the defendant that he was retaining his right to appeal any rulings of the court.
A defendant who has entered a plea of guilty "forfeit[s] his [or her] right to claim that he [or she] was deprived of a speedy trial under CPL 30.30" (People v O'Brien, 56 NY2d 1009, 1010; see People v Suarez, 55 NY2d 940, 942). However, where a defendant's plea is predicated upon a false assurance that, notwithstanding the plea, the defendant can nonetheless contest the denial of a CPL 30.30 motion, the defendant is entitled, if he or she wishes, to withdraw the plea of guilty (see People v Di Raffaele, 55 NY2d 234, 241; People v Smith, 155 AD3d 977, 978; People v Calvello, 70 AD3d 847, 848; People v Quinones, 84 AD2d 568, 569).
Here, it is clear from the record that the defendant pleaded guilty in reliance upon a [*2]promise from the Supreme Court that, upon his plea of guilty, he would retain the right to appeal the denial of his motion pursuant to CPL 30.30 to dismiss the indictment. However, that promise cannot be fulfilled (see People v O'Brien, 56 NY2d at 1010; People v Suarez, 55 NY2d at 942; People v Smith, 155 AD3d at 978). Therefore, as the People concede, the defendant is entitled to withdraw his plea of guilty (see People v Di Raffaele, 55 NY2d at 241; People v Smith, 155 AD3d at 978; People v Calvello, 70 AD3d at 848; People v Quinones, 84 AD2d at 569). Accordingly, the judgment of conviction must be reversed, the defendant's plea vacated, and the matter remitted to the Supreme Court, Queens County, for further proceedings on the indictment.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court