People v Omodunbi (2022 NY Slip Op 50791(U))

[*1]

People v Omodunbi (Olakunle)

2022 NY Slip Op 50791(U) [76 Misc 3d 129(A)]

Decided on August 12, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 12, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-530 K CR

The People of the State of New York,
Respondent,
against
Olakunle Omodunbi, Appellant. 

Appellate Advocates (Chelsea Lopez of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Seth Lieberman and Ann Bordley of counsel),
for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Michael D. Kitsis, J.), dated February 21, 2019. The judgement convicted defendant, upon his
plea of guilty, of driving while ability impaired, and imposed sentence. The appeal brings up for
review an order of that court (Lorna J. McAllister, J.) dated February 14, 2018, denying the
branch of defendant's motion which sought to dismiss, on statutory speedy trial grounds, so much
of the accusatory instrument as charged him with driving while ability impaired.

ORDERED that the judgment of conviction is affirmed.
In January 2017, defendant was arraigned on an accusatory instrument charging him with
driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), a misdemeanor,
common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), a
misdemeanor, and driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), a
traffic infraction. In January 2018, defendant moved to, among other things, dismiss the
accusatory instrument on the ground that his CPL 30.30 statutory right to a speedy trial had been
violated. In an affirmation in [*2]opposition, the People conceded
that they are chargeable with more than 90 days of delay and, therefore, the misdemeanor charges
should be dismissed (see CPL 30.30 [1] [b]). By order dated February 14, 2018, the
Criminal Court (Lorna J. McAllister, J.), in pertinent part, granted the branch of defendant's
motion seeking to dismiss so much of the accusatory instrument as charged him with driving
while intoxicated per se and common-law driving while intoxicated, and denied the branch of
defendant's motion seeking to dismiss so much of the accusatory instrument as charged him with
driving while ability impaired, finding that CPL 30.30 does not apply to traffic infractions. On
February 21, 2019, defendant pleaded guilty to driving while ability impaired, and sentence was
imposed.
On appeal, defendant contends that the branch of his motion seeking to dismiss so much of
the accusatory instrument as charged him with driving while ability impaired on the ground that
his statutory right to a speedy trial had been violated should have been granted.
It has been the rule that when a "defendant enter[s] a plea of guilty he forfeit[s] his right to
claim that he was deprived of a speedy trial under CPL 30.30" (People v O'Brien, 56
NY2d 1009, 1010 [1982]; see also People v Suarez, 55 NY2d 940, 942 [1982];
People v Smith, 155 AD3d 977, 978 [2017]). However, legislation was enacted in 2019,
effective January 1, 2020, amending portions of CPL 30.30, including the addition of 30.30 (6),
which provides that "[a]n order finally denying a motion to dismiss pursuant to subdivision one
of this section shall be reviewable upon an appeal from an ensuing judgment of conviction
notwithstanding the fact that such judgment is entered upon a plea of guilty." In People v
Galindo (— NY3d —, 2022 NY Slip Op 03928 [2022]), the Court of Appeals
determined that the portion of the 2019 legislation amending CPL 30.30 (1) was not to be applied
retroactively. We find that the Court of Appeals's analysis in Galindo applies equally to
CPL 30.30 (6) and hold that CPL 30.30 (6) does not apply retroactively. Consequently, by virtue
of defendant's 2019 guilty plea, he forfeited his right to claim that he was deprived of a speedy
trial under CPL 30.30 (O'Brien, 56 NY2d at 1010).
Accordingly, the judgment of conviction is affirmed. 
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 12, 2022