People v Santana (2022 NY Slip Op 05620)

People v Santana

2022 NY Slip Op 05620

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, Pitt, JJ. 

Ind No. 4675/09 940/11 Appeal No. 1634916349A Case No. 2013-02850 

[*1]The People of the State of New York, Respondent,
v
Shajohnny Santana, Defendant-Appellant. 

Caprice R. Jenerson, Office of the Appellate Defender, New York (Samuel Steinbock-Pratt of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Emily N. Gault of counsel), for respondent.

Judgments, Supreme Court, New York County (Ronald A. Zweibel, J. at speedy trial motion; Michael J. Obus, J. at pleas and sentencing), rendered October 16, 2013, as amended on October 17, 2013, convicting defendant of attempted assault in the first degree (two counts) and assault on a police officer, and sentencing him, as a second felony offender, to an aggregate term of seven years, unanimously affirmed.
By pleading guilty, defendant forfeited review of his speedy trial claim (see People v O'Brien, 56 NY2d 1009, 1010 [1982]). Defendant was convicted before the effective date of the current version of CPL 30.30(6), which prospectively permits defendants who pleaded guilty to raise statutory speedy trial claims on appeal, but which is not retroactive (see People v Lara-Medina, 195 AD3d 542 [1st Dept 2021], lv denied 37 NY3d 993 [2021]). In People v Galindo (38 NY3d 199 [2022]), the Court of Appeals recently decided that another amendment to the speedy trial statute was not to be applied retroactively, and we conclude that the Court's analysis also applies to CPL 30.30(6) (see People v Omodunbi, 76 Misc 3d 129 [A], 2022 NY Slip Op 50791[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). In any event, the motion court correctly found that the dispositive period of delay was excludable as an exceptional circumstance under CPL 30.30(4)(g).
Defendant has not established that his counsel rendered ineffective assistance under the state or federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]) by failing to make a renewed speedy trial motion addressing subsequent periods of delay. Defendant raised similar claims in an unsuccessful CPL 440.10 motion, and his motion for leave to appeal to this Court was denied. Accordingly, while defendant's claims are cognizable on direct appeal, our review is limited to the original record (see People v Evans, 16 NY3d 571, 575 [2011]), which fails to support a finding of ineffective assistance.
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022