People v Merchant (2022 NY Slip Op 05619)

People v Merchant

2022 NY Slip Op 05619

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, Pitt, JJ. 

Ind No. 2277/16 Appeal No. 16343 Case No. 2019-05126 

[*1]The People of the State of New York, Respondent,
v
Scott Merchant, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Christopher Michael Pederson of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J. at speedy trial motion; Miriam R. Best, J. at plea and sentencing), rendered November 12, 2019, convicting defendant of assault in the second degree, and sentencing him, as a second felony offender, to a term of 3½ years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US , 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]), which forecloses review of his statutory speedy trial claims (see People v Lara-Medina, 195 AD3d 542 [1st Dept 2021], lv denied 37 NY3d 993 [2021]; People v Person, 184 AD3d 447, 447-448 [1st Dept 2020], lv denied 35 NY3d 1069 [2020]).
Furthermore, regardless of whether defendant made a valid waiver of his right to
appeal, he forfeited review of his speedy trial claim by pleading guilty (see People v O'Brien, 56 NY2d 1009, 1010 [1982]. Defendant was convicted before the effective date of the current version of CPL 30.30(6), which prospectively permits defendants who pleaded guilty to raise statutory speedy trial claims on appeal, but which is not retroactive (see Lara-Medina, 195 AD3d at 542). In People v Galindo (38 NY3d 199 [2022]), the Court of Appeals recently decided that another amendment to the speedy trial statute was not to be applied retroactively, and we conclude that the Court's analysis also applies to CPL 30.30(6) (see People v Omodunbi, 76 Misc 3d 129 [A], 2022 NY Slip Op 50791[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]).
In any event, we find that the motion court correctly denied defendant's CPL 30.30 motion as procedurally defective.
Defendant's appeal waiver also forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022