People v Silver (2022 NY Slip Op 51230(U))

[*1]

People v Silver (Jacqueline)

2022 NY Slip Op 51230(U) [77 Misc 3d 131(A)]

Decided on November 18, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 18, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2019-1341 Q CR

The People of the State of New
York, Respondent,
against
Jacqueline Silver, Appellant. 

Appellate Advocates (David L. Goodwin of counsel), for appellant.
Queens County District Attorney (Johnnette Traill and Amanda Iannuzzi of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens
County (Michelle A. Johnson, J.), rendered March 7, 2019. The judgment convicted
defendant, upon her plea of guilty, of disorderly conduct, and imposed sentence. The
appeal brings up for review an order of that court (Danielle L. Hartman, J.) dated August
13, 2018 denying defendant's motion to dismiss the accusatory instrument on statutory
speedy trial grounds.

ORDERED that the judgment of conviction is affirmed.
On September 19, 2017, defendant was arraigned on an accusatory instrument
charging her with one count of stalking in the third degree (Penal Law § 120.50
[3]), three counts of coercion in the second degree (Penal Law § 135.60 [4], [5],
[9]), two counts of aggravated harassment in the second degree (Penal Law §
240.30 [1], [2]), one count of menacing (Penal Law § 120.15), one count of stalking
in the fourth degree (Penal Law § 120.45 [1]), one count of trespass (Penal Law
§ 140.05), and two counts of harassment in the second degree (Penal Law §
240.26 [2], [3]). On August 13, 2018, the Criminal Court (Danielle L. Hartman, J.)
denied a defense motion to dismiss the accusatory instrument on statutory speedy trial
grounds, after finding only 66 days chargeable, less than the 90 days allotted to the
People to be ready for trial [*2](see CPL 30.30
[1] [b]).
On March 7, 2019, defendant pleaded guilty to the added charge of disorderly
conduct (Penal Law § 240.20) in satisfaction of the docket and in exchange for a
sentence of time served. On appeal, defendant asserts that the Criminal Court's
determination that the People had not surpassed their statutory speedy trial allotment of
90 days was erroneous.
At the time of the guilty plea in this matter in 2019, it was the case that, "by pleading
guilty, the defendant forfeited [her] right to review the speedy trial claim" (People v Zeigler, 128 AD3d
737, 738 [2015]; see People
v Kidd, 100 AD3d 779, 779 [2012]; People v Holland, 44 AD3d 874, 874 [2007]). During the
pendency of defendant's appeal, however, the legislature amended CPL 30.30 (eff. Jan.
1, 2020). Under this new statutory scheme, "[a]n order finally denying a motion to
dismiss [on statutory speedy trial grounds] shall be reviewable upon an appeal from an
ensuing judgment of conviction notwithstanding the fact that such judgment is entered
upon a plea of guilty" (CPL 30.30 [6]). Defendant asserts that subsection 6 governs this
appeal and renders her preserved statutory speedy trial argument reviewable.
In People v Galindo (38
NY3d 199 [2022]), the Court of Appeals, in addressing the retroactivity of separate
subsection (1) (e) of CPL 30.30, held that "the newly worded [speedy trial] statute does
not apply to criminal actions commenced before its effective date" (id. at *4).
Pursuant to the Galindo court's reasoning, CPL 30.30 (6) is similarly not
retroactive and thus is not applicable to the instant case (see People v Santana,
— AD3d —, 2022 NY Slip Op 05620 [2022]; People v Lara-Medina, 195
AD3d 542 [2021]; People v Omodunbi, 76 Misc 3d 129[A], 2022 NY Slip
Op 50791[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). Consequently,
defendant's guilty plea constituted a waiver of her statutory speed trial claim, her sole
appellate argument (see Zeigler, 128 AD3d at 738; People v Kidd, 100 AD3d
779, 779 [2012]; People v
Holland, 44 AD3d 874, 874 [2007]).
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 18, 2022