People v Smith (2023 NY Slip Op 50290(U))

[*1]

People v Smith (Rhonda)

2023 NY Slip Op 50290(U)

Decided on March 9, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 9, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, JAMES P. McCORMACK, JJ

2021-509 W CR

The People of the State of New York, Respondent,
against
Rhonda Smith, Appellant. 

Scott M. Bishop, for appellant.
Westchester County District Attorney (William C. Milaccio and Brian R. Pouliot of counsel), for respondent.

Appeal from a judgment of the City Court of Yonkers, Westchester County (Evan Inlaw, J.), rendered June 30, 2021. The judgment convicted defendant, upon her plea of guilty, of driving while ability impaired, and imposed sentence. The appeal from the judgment of conviction brings up for review so much of an order of that court (Arthur J. Doran, III, J.) dated March 13, 2020 as denied the branch of defendant's motion seeking to dismiss, on facial insufficiency grounds, the accusatory instrument charging her with common-law driving while intoxicated.

ORDERED that the judgment of conviction is affirmed.
On September 19, 2019, defendant was arraigned on four simplified traffic informations charging her with, respectively, driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]), driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs (Vehicle and Traffic Law § 1192 [4-a]), common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), and stopping or standing on a highway blocking a passing lane (Vehicle and Traffic Law § 1201 [a]), and on a separate accusatory instrument charging her [*2]with obstructing governmental administration in the second degree (Penal Law § 195.05), resisting arrest (Penal Law § 205.30), and two counts of disorderly conduct (Penal Law § 240.20 [2], [3]). In a supporting deposition, which was made "upon direct knowledge unless otherwise specified" in connection with the charges of common-law driving while intoxicated and stopping or standing on a highway blocking a passing lane, the complainant police officer alleged, among other things, that defendant admitted to operating the vehicle, that the officer observed defendant at the wheel of the vehicle with the keys in the ignition and the motor running, that defendant exhibited glassy eyes and impaired speech, that defendant "would not give an appropriate response" when asked whether "she had used drugs or alcohol earlier in the night," that defendant refused to take two of three field sobriety tests, and that defendant refused to submit to a chemical test.
Defendant moved to dismiss, on facial insufficiency grounds, all of the accusatory instruments except for the one charging her with stopping or standing on a highway blocking a passing lane. In an order dated March 13, 2020, the City Court (Arthur J. Doran, III, J.) granted the branches of defendant's motion seeking to dismiss the charges of driving while ability impaired by drugs, driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, and both counts of disorderly conduct, and denied the branches of the motion seeking to dismiss the charges of common-law driving while intoxicated, obstructing governmental administration in the second degree, and resisting arrest. Thereafter, defendant pleaded guilty to driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) in satisfaction of each remaining accusatory instrument, and sentence was imposed.
On appeal, defendant argues, among other things, that the accusatory instruments charging her with common-law driving while intoxicated, stopping or standing on a highway blocking a passing lane, obstructing governmental administration in the second degree, and resisting arrest are facially insufficient; that she was denied the effective assistance of counsel; and that the accusatory instrument charging defendant with obstructing governmental administration in the second degree and resisting arrest should have been dismissed on statutory speedy trial grounds.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see also People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Where, as here, a defendant has pleaded guilty to a statutorily defined lesser included offense of the sole charge in an accusatory instrument (see CPL 1.20 [37]; 220.20) in satisfaction of multiple accusatory instruments, and, on appeal, raises a facial sufficiency challenge, she need challenge only the facial sufficiency of the actual charge to which she pleaded guilty to a lesser included offense thereof (see People v Curry, 70 Misc 3d 35, 37-38 [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Meme, 63 Misc 3d 164[A], 2019 NY Slip Op 50940[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; see also People v [*3]Baltazar, 73 Misc 3d 130[A], 2021 NY Slip Op 50948[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; People v Mason, 62 Misc 3d 75, 78 n 2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Here, defendant pleaded guilty to driving while ability impaired, a statutorily defined lesser included offense of the charge of common-law driving while intoxicated contained in a simplified traffic information (see CPL 1.20 [37]; Vehicle and Traffic Law § 1192 [9]; People v Hoag, 51 NY2d 632, 635 [1981]). Consequently, this court need examine only the facial sufficiency of the simplified traffic information charging defendant with common-law driving while intoxicated (see People v Thiam, 34 NY3d 1040 [2019]; Curry, 70 Misc 3d at 38).
The simplified traffic information charging defendant with common-law driving while intoxicated substantially conforms to the form prescribed by the Commissioner of Motor Vehicles (see CPL 100.25 [1]; 100.40 [2]; Regulations of Commissioner of Motor Vehicles [15 NYCRR] § 91; People v Anand, 65 Misc 3d 151[A], 2019 NY Slip Op 51875[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Ferro, 22 Misc 3d 7 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]) and provides the court with sufficient information to establish that it has jurisdiction to hear the case (see People v Fernandez, 20 NY3d 44 [2012]; People v Key, 45 NY2d 111, 116 [1978]; People v Carpenter, 65 Misc 3d 132[A], 2019 NY Slip Op 51605[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Long, 44 Misc 3d 126[A], 2014 NY Slip Op 50949[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). Moreover, the supporting deposition established reasonable cause to believe that defendant had committed the charged offense (see CPL 100.25 [2]; 100.40 [2]; Carpenter, 2019 NY Slip Op 51605[U]; People v Atkinson, 42 Misc 3d 139[A], 2014 NY Slip Op 50169[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Salerno, 36 Misc 3d 151[A], 2012 NY Slip Op 51699[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Consequently, the simplified traffic information charging defendant with common-law driving while intoxicated is facially sufficient, and the City Court correctly denied the branch of defendant's motion seeking its dismissal.
" 'By pleading guilty, [ ] defendant forfeited . . . h[er] claims of ineffective assistance of counsel which do not directly involve the [plea] bargaining process' " (People v Gott, 165 AD3d 1283, 1284 [2018], quoting People v Perazzo, 65 AD3d 1058, 1059 [2009]). Defendant argues that she received ineffective assistance of counsel because her trial lawyer did not challenge the facial sufficiency of the accusatory instrument charging defendant with stopping or standing on a highway blocking a passing lane. As we found above, the accusatory instrument charging defendant with common-law driving while intoxicated is sufficient to support defendant's plea of guilty to the lesser included offense of driving while ability impaired. Consequently, a challenge to the facial sufficiency of the simplified traffic information charging defendant with stopping or standing on a highway blocking a passing lane, even if successful, would not have invalidated the guilty plea and, thus, " 'do[es] not directly involve the [plea] bargaining process' " (Gott, 165 AD3d at 1284, quoting Perazzo, 65 AD3d at 1059). Therefore, defendant's ineffective assistance of counsel claim was forfeited upon her guilty plea.
It has been the law prior to January 1, 2020 that, when a "defendant enter[s] a plea of guilty[,] he forfeit[s] his right to claim that he was deprived of a speedy trial under CPL 30.30" (People v O'Brien, 56 NY2d 1009, 1010 [1982]; see also People v Suarez, 55 NY2d 940, 942 [*4][1982]; People v Smith, 155 AD3d 977, 978 [2017]). Though legislation went into effect on January 1, 2020 providing that "[a]n order finally denying a motion to dismiss [on statutory speedy trial grounds] shall be reviewable upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty" (CPL 30.30 [6]), this legislation only applies to prosecutions commenced after January 1, 2020 (see People v Galindo, 38 NY3d 199, 206-207 [2022]; People v Colter, 76 Misc 3d 28, 30 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; People v Omodunbi, 76 Misc 3d 129[A], 2022 NY Slip Op 50791[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]).
To the extent that defendant is arguing that, because the charges of stopping or standing on a highway blocking a passing lane, obstructing governmental administration in the second degree, and resisting arrest should have been dismissed before her guilty plea, she therefore did not receive the benefit of her plea bargain when these charges were dismissed as a consequence of her guilty plea, we note that "it is not the case here that there was no promise, plea agreement, reduced charge, or any other bargain or consideration given to the defendant in exchange for [her] plea" (People v Axel M., 122 AD3d 946, 946 [2014] [internal quotation marks omitted]). Rather, defendant's plea of guilty to driving while ability impaired (a traffic infraction) was supported by valid consideration in the form of the dismissal of the charge of common-law driving while intoxicated (a misdemeanor).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, P.J., DRISCOLL and McCORMACK, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 9, 2023