People v Hafer (2024 NY Slip Op 00341)

People v Hafer

2024 NY Slip Op 00341

Decided on January 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 25, 2024

112832
[*1]The People of the State of New York, Respondent,
v
Brian Hafer, Appellant.

Calendar Date:December 13, 2023

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, McShan and Mackey, JJ.

Craig Meyerson, Peru, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

McShan, J.
Appeal from a judgment of the County Court of Washington County (Kelly S. McKeighan, J.), rendered November 13, 2020, convicting defendant upon his plea of guilty of the crime of attempted kidnapping in the second degree.
In September 2019, a Washington County grand jury indicted and charged defendant with two counts of kidnapping in the second degree and two counts of conspiracy in the fifth degree. The charges stemmed from defendant driving with a male codefendant from Missouri to New York, during which time the codefendant engaged in sexual conduct with a 14-year-old female on various occasions. Defendant and the codefendant then attempted to transport the female and her similarly-aged friend to Missouri, however, they dropped the girls off in Ohio upon learning that the police were looking for them.
County Court denied defendant's motion to dismiss the indictment for alleged insufficiency of the grand jury minutes and defective indictment. Prior to the commencement of trial, the court granted the People's motion in limine to preclude defendant's proffered defenses of ignorance of the age of the victims and their inability to consent. Defendant then entered an Alford plea to the reduced charge of attempted kidnapping in the second degree, with the understanding that defendant could challenge on appeal the court's ruling regarding the preclusion of his defenses. Consistent with the terms of the plea agreement, defendant was sentenced, as a second felony offender, to a prison term of five years followed by five years of postrelease supervision. Defendant appeals.
Initially, defendant's contention that County Court erred in accepting his Alford plea because the record does not contain the requisite strong evidence of his guilt to support his plea is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion, and the narrow exception to the preservation rule is not implicated (see People v Heidgen, 22 NY3d 981, 981-982 [2013]; People v Crandall, 181 AD3d 1091, 1092-1093 [3d Dept 2020], lv denied 35 NY3d 1026 [2020]; People v Mickel, 157 AD3d 1140, 1141 [3d Dept 2018], lv denied 31 NY3d 1015 [2018]; People v Ture, 94 AD3d 1163, 1164 [3d Dept 2012], lv denied 19 NY3d 968 [2012]).
To the extent that defendant contends that the integrity of the grand jury proceeding was adversely affected by the presentation of inadmissible hearsay warranting dismissal of the indictment, we disagree. Even after entering a valid guilty plea, certain claimed constitutional defects can rise to the level of implicating the grand jury process which are not forfeited by the guilty plea (see People v Manragh, 32 NY3d 1101, 1102 [2018]; People v Hansen, 95 NY2d 227, 231 [2000]). However, "the submission of some inadmissible evidence during the course of [the grand jury] proceeding is held to be fatal only when the remaining legal evidence is insufficient to sustain the indictment" (People v Avant, 33 NY2d 265, 271 [1973]; see [*2]People v Huston, 88 NY2d 400, 409 [1996]). Although inadmissible hearsay can, in some instances, rise to the level of infecting the grand jury proceedings (see People v Huston, 88 NY2d at 406-407; People v Pelchat, 62 NY2d 97, 106 [1984]; People v Blauvelt, 156 AD3d 1333, 1335 [4th Dept 2017], lv denied 31 NY3d 981 [2018]), here, the People provided curative instructions with respect to the hearsay testimony and, notwithstanding defendant's contention to the contrary, the remaining evidence was sufficient to sustain the indictment (see People v Coker, 121 AD3d 1305, 1306 [3d Dept 2014], lv denied 26 NY3d 927 [2015]; People v Miller, 110 AD3d 1150, 1150-1151 [3d Dept 2013]; People v Arbas, 85 AD3d 1320, 1321 [3d Dept 2011], lv denied 17 NY3d 813 [2011]; see also People v Machado, 144 AD3d 1633, 1634 [4th Dept 2016], lv denied 29 NY3d 950 [2017]).[FN1] Accordingly, we are unpersuaded that the introduction of hearsay evidence, as well as other challenged testimony relating to the codefendant for which curative instructions were also given, adversely affected the integrity of the grand jury proceeding so as to warrant the exceptional remedy of dismissal of the indictment (see People v Whitehead, 119 AD3d 1080, 1081 [3d Dept 2014], lv denied 24 NY3d 1048 [2014]; see also People v Vincente, 183 AD2d 940, 941 [3d Dept 1992]).
Finally, defendant contends that County Court erred in granting the People's motion precluding him from presenting the defenses that he was unaware of the victims' ages and inability to consent. "As a rule, a defendant who in open court admits guilt of an offense charged may not later seek review of claims relating to the deprivation of rights that took place before the plea was entered," such as evidentiary or technical defects (People v Hansen, 95 NY2d at 230, 231 [citations omitted]; see People v Campbell, 73 NY2d 481, 486 [1989]; People v Taylor, 65 NY2d 1, 5 [1985]). Although defendant, the People and the court all agreed that defendant's Alford plea would be premised on the preservation of his right to raise these issues on appeal, conditional pleas such as this are generally not accepted in this state (see People v Di Donato, 87 NY2d 992, 993 [1996]; People v Di Raffaele, 55 NY2d 234, 240 [1982]; People v Thomas, 53 NY2d 338, 344-345 [1981]; see also People v Mack, 53 NY2d 803, 806 [1981]; People v Pierre, 8 AD3d 904, 906 [3d Dept 2004], lv denied 3 NY3d 710 [2004]), and the contentions he sought to preserve do not fall within the "extremely limited group of issues [that] survive[ ] the entry of a guilty plea" (People v Gerber, 182 AD2d 252, 261 [2d Dept 1992], lv denied 80 NY2d 1026 [1992]; see People v Hoeft, 42 AD3d 968, 969 [4th Dept 2007], lv denied 9 NY3d 962 [2007]). In this respect, we cannot overlook defendant's assertion that his decision to enter an Alford plea was predicated on County Court granting the People's motion to preclude his defenses and the corresponding promise that he could challenge that determination on [*3]appeal. Accordingly, as defendant is no longer receiving the full extent of his bargain, we remit the matter for County Court to allow defendant to withdraw his plea, should he elect to pursue that course (see People v Calvello, 70 AD3d 847, 848 [2d Dept 2010]; People v Ward, 174 AD2d 589, 589 [2d Dept 1991], lv denied 78 NY2d 1015 [1991]; see also People v King, 152 AD2d 815, 816 [3d Dept 1989]). In doing so, we offer no judgment on the merits of his evidentiary arguments.
Garry, P.J., Lynch, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Washington County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: To the extent that defendant separately contends that the evidence before the grand jury was insufficient to support the indictment, such challenge to "the legal sufficiency of the evidence underlying the indictment and the form and factual specificity thereof" is foreclosed by his guilty plea to the reduced charge (People v Cole, 118 AD3d 1098, 1099 [3d Dept 2014] [internal citations omitted]; see People v Guerrero, 28 NY3d 110, 112, 115-117 [2016]; People v Hansen, 95 NY2d at 230-233; People v Wheeler, 216 AD3d 1314, 1315-1316 [3d Dept 2023], lv denied ___ NY3d ___ [Dec. 14, 2023]).